# CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI

——AT THE——

## APRIL TERM, 1892.

---

### BILL BAGGETT *v.* STATE.

1. RECEIVING STOLEN PROPERTY. *Larceny of money. Description. Indictment.*

    An indictment for knowingly receiving stolen money is fatally defective in failing to give the denomination of the bills, or in some way particularly designating them or some of them, or averring that it could not be done because the description was unknown to the grand jurors. It is not sufficient to state merely the character of the money and amount; as, "two hundred dollars in United States treasury notes, of the value of two hundred dollars." `

2. SAME. *Larceny of bills. Word "dollars." Evidence.*

    Nor can a conviction on such an indictment be sustained upon the assumption that the word "dollars" imports one-dollar bills, the evidence failing to show that there was a single one-dollar bill in the money alleged to have been stolen.

FROM the circuit court of Lincoln county.

HON. J. B. CHRISMAN, Judge.

The appellant was tried on an indictment containing two counts. The first count charges him with the larceny of "$200 in United States national bank-notes, of the value of $200; $200 in United States national currency, of the value of $200; and $200 in United States treasury notes, of the value of $200."

69 MISS.—40

The second count charges him with having received money of this description, knowing the same to have been stolen.

There was a motion to quash the indictment, upon the ground, among others, that the denomination of the bills or notes alleged to have been stolen and received was not stated. The motion was overruled, and the defendant was convicted under the second count.

The evidence as to the money alleged to have been stolen, showed that there was a $100 bill, a $20 gold piece and some $20 bills—in all $200. There was no further designation or identification of the bills.

Motion for new trial overruled, and defendant appealed. The opinion contains a further statement of the case.

*H. Cassedy* and *A. C. McNair*, for appellant.

The crime of which appellant was convicted was not an offense at common law, and, but for § 2904, code 1880, larceny could not be predicated of the unlawful taking of a mere chose in action. The indictment is defective in failing to give a sufficiently accurate and certain description of the property alleged to have been stolen and knowingly received. The amounts and denomination of the notes and bills should have been given, or there should have been an averment that this was unknown to the grand jurors. 2 Archb. Cr. Pl., 355; 2 Bish. Cr. Pro., §§ 702–4; *Merrell* v. *State*, 45 Miss., 651; 26 Mich., 298; 40 Kans., 107; 52 Ind., 281; 2 S. W. Rep., 590; 10 *Ib.*, 17; 51 Am. Dec., 231 and notes, 70 *Ib.*, 178–191.

*T. M. Miller*, attorney-general, for the state.

The kind of money and its aggregate value is stated in the indictment, and that is sufficient. The case of *Merrell* v. *State*, 45 Miss., 651, is not applicable. In that case the description was merely " $150 in United States currency." Neither the number of the bills nor their aggregate value was stated. That decision is based upon the ground that the indictment

failed to specify the kind of money stolen, whether gold, silver or currency. See opinion, p. 658. And there was a motion in arrest of judgment. Here the money was described as national bank-notes and treasury notes, and the court judicially knows that they are issued in denominations of $1 each, so that when we say $200 in United States treasury notes, two hundred $1 bills is meant. It is the universal rule that only the aggregate value, and not the value of each bill, need be stated. If the indictment had merely described the money as $200 of United States currency, it would have been defective in not averring whether the money was gold, silver or paper. In support of the indictment, see *McKane* v. *State*, 11 Ind., 195; 10 Gray, 470; 16 *Ib.*, 240; 112 Mass., 292; 30 Iowa, 504; 23 Gratt. (Va.), 949; 25 *Ib.*, 965; 8 Barb. (N. Y.), 637; 4 Rich. L., 356.

If there was a defect, it was cured by the verdict, and could not be reached by the motion to quash or a motion for a new trial. It could only be reached by a motion in arrest of judgment.

CAMPBELL, C. J., delivered the opinion of the court.

According to the text-books treating of the subject, and numerous adjudications by the courts of England and America, this indictment is bad, for not stating the denomination of the bills stolen or received, or in some way more particularly describing them, or some of them, or averring that it could not be done, because it was unknown to the grand jurors.

We confess our inability to perceive the reason or wisdom of the requirement of such particularity in indictments, but so the law appears to be, and, as we have no statute changing the common law on this subject, we do not feel at liberty to disregard the rule so generally announced in the books. This indictment would probably be held good in Massachusetts, but in that state alone, in the absence of a statute affecting the question.

If the indictment was held good according to the ruling in *McKane* v. *State*, 11 Ind., 195, where the "dollars" were assumed to import one-dollar pieces, the verdict here would be bad as unsupported by the evidence, which fails to show a single one-dollar bill among those stolen.

The motion to quash the indictment should have been sustained.

*Reversed, indictment quashed and cause remanded for a new indictment, to await which the prisoner will be held for answer.*