## STATE *v.* JOHN W. TAYLOR.

[64 South. 740.]

1. BANKS AND BANKING. *Offenses. Code* 1906, *section* 1169. *Indictment. Receiving deposits. Description of property. Act or omission of agent.*

An indictment drawn under Code 1906, section 1169, charging the president of a bank with receiving a deposit of seventy-five dollars, knowing, or having good reason to believe the bank to be insolvent, was a sufficient description of the property, for to say that a party received seventy-five dollars, without more, indicates *ex vi termini* that he received seventy-five dollars in money and such indictment was not bad for failing to state the kind and character of the money deposited.

2. INDICTMENT. *Sufficiency. Act or omission of agent.*

An indictment charging that defendant was the president of a certain bank and that he received in said bank a deposit of seventy-five dollars knowing or having good reason to believe said bank insolvent, sufficiently charges that defendant, in receiving said deposit, was acting as the agent or representative of the bank.

APPEAL from the circuit court of Prentiss county.
HON. J. H. MITCHELL, Judge.

John W. Taylor was indicted for receiving deposits in a bank knowing or having good reason to believe the bank to be insolvent. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for the state.

*F. M. Curlee,* attorney for appellee.

No brief of counsel on either side found in the record.

SMITH, C. J., delivered the opinion of the court.

Appellee was indicted for receiving into a bank of which he was president money on deposit, the bank then

being to his knowledge insolvent. The indictment was demurred to, and, the demurrer having been sustained, the state appeals.

The demurrer was evidently sustained under the construction put upon the statute in *State* v. *Traylor,* 100 Miss. 544, 56 So. 521. That case, however, was overruled by *State* v. *Rawles,* 60 So. 782, decided since this judgment was rendered in the court below, and appellee does not now insist upon that ground of deemurrer.

One of the reasons why, in appellee's opinion, the demurrer should be sustained is: "The word 'dollars' is not a sufficient description of the property deposited." The allegation describing the deposit is in the following language: "Received from T. J. McDonald a deposit in said Iuka branch of said institution of seventy-five dollars," etc. The contention is that the indictment should have stated "whether the deposit consisted of money or of some other species of property, and, if of the latter, what kind of property." There is no merit in this contention, for to say that a person received seventy-five dollars, without more, indicates *ex vi termini* that he received seventy-five dollars in money.

Counsel for appellee also argue that this allegation is defective, in that it does not state the kind and character of the money deposited; that is, whether it was coin, bank bills, treasury notes, etc.; and the denominations thereof. It may be conceded that the crime here charged is somewhat analogous to the crimes of larceny and embezzlement, and that at common law the money stolen or embezzled must have been described with the particularity here desired. This rule, however, in so far as it applies to larceny and embezzlement, has been changed by our statute. Section 1436, Code of 1906. The rule seems never to have had any foundation in reason, or, if it did have, the reason has long since ceased to exist, as pointed out in *Baggett* v. *State,* 69 Miss. 625, 13 So. 816; therefore the rule itself no longer exists. *"Cessante ratione legis, cessat ipsa lex."*

Another objection to the indictment is that it does not allege that in receiving the deposit appellee "was then and there acting as president, or otherwise as the representative or agent of the bank in receiving a deposit." The indictment, after alleging that appellee was president of the bank and setting forth the business in which the bank was engaged, proceeds: "And the said Jno. W. Taylor, president aforesaid, knowing and having good reason to believe said institution, and the Iuka branch thereof, to be insolvent, did unlawfully, knowingly, and feloniously receive from T. J. McDonald a deposit in said Iuka branch of said institution, of seventy-five dollars," etc. From this allegation, it manifestly appears that in receiving the deposit he was acting as agent or representative of the bank.

We have not overlooked the case of *State* v. *Wistandley,* 154 Ind. 443; 57 N. E. 109, cited by counsel for appellee, which holds otherwise; but we decline to follow it.

*Reversed and remanded.*