State *v.* Winstandley.

---

## The State *v.* Winstandley et al.

[No. 18,686. Filed April 17, 1900.]

<table>
<tr><td>154</td><td>443</td></tr>
<tr><td>154</td><td>694</td></tr>
<tr><td>f155</td><td>292</td></tr>
<tr><td>155</td><td>306</td></tr>
<tr><td>154</td><td>443</td></tr>
<tr><td>167</td><td>419</td></tr>
<tr><td>168</td><td>645</td></tr>
</table>

Criminal Law.—*Banks and Banking.—Embezzlement.—Indictment.* —The same rules of pleading applicable in the prosecution of an official for embezzlement are to be accepted in determining the sufficiency of an indictment against bank officials, under §2031 Burns 1894, for receiving bank deposits when the bank is insolvent. *p. 444.*

Same.—*Banks and Banking.—Embezzlement.—Indictment.*—An indictment under §2031 Burns 1894 charging the president and cashier of a bank with having received bank deposits when the bank was insolvent is bad for failure to charge that the money was received by them in their official capacity. *pp. 445, 446.*

From the Clark Circuit Court. *Affirmed.*

*H. C. Montgomery, W. C. Utz, J. K. Marsh, W. L. Taylor,* Attorney-General, *F. C. Matson, Merrill Moores* and *C. C. Hadley,* for State.

*A. Dowling, C. L. Jewett, H. E. Jewett, M. Z. Stannard, W. H. Watson, C. D. Kelso* and *J. V. Kelso,* for appellees.

Baker, J.—The indictment against appellees was quashed and the State appeals. It charged that on, etc., at, etc., Winstandley was the president and Frederick the cashier of the New Albany Banking Company, a corporation organized under the State laws and doing a banking business at New Albany; that the bank was wholly insolvent, which fact was known to Winstandley as president and Frederick as cashier of the bank; "that they, the said Isaac S. Winstandley and Clarence J. Frederick, each then and there

well knowing the insolvency of said New Albany Banking Company, did then and there unlawfully, feloniously, wilfully and fraudulently receive and take from one The F. Wunderlich Company, the sum of $69.65 in money, of the value of $69.65, as a deposit with said New Albany Banking Company, the said The F. Wunderlich Company not then and there being indebted to said New Albany Banking Company, whereby the said sum of $69.65 was lost to said The F. Wunderlich Company, the depositor aforesaid, contrary", etc. The statute reads: "If * * * any officer of any * * * incorporated bank * * * shall fraudulently receive from any person * * * not indebted to said * * * incorporated bank, any money, * * * when, at the time of receiving such deposit, said * * * incorporated bank is insolvent, whereby the deposit so made shall be lost to the depositor, said * * * officer, so receiving such deposit, shall be deemed guilty of embezzlement." Acts 1891 p. 395, §2031 Burns 1894, §6598 Horner 1897.

Probably it is true, as the State's attorneys claim, that "embezzlement" is an inapt naming of the crime defined in this statute, and that the offense aimed at is fraudulent banking. *Carr* v. *State*, 104 Ala. 4, 16 South. 150; *Robertson* v. *People*, 20 Col. 279, 38 Pac. 326; *Meadowcroft* v. *People*, 163 Ill. 56, 45 N. E. 303, 35 L. R. A. 176; *State* v. *Cadwell*, 79 Iowa, 432, 44 N. W. 700; *Commonwealth* v. *Rockafellow*, 163 Pa. St. 139, 29 Atl. 757; *Baker* v. *State*, 54 Wis. 368, 12 N. W. 12; *State* v. *Shove*, 96 Wis. 1, 70 N. W. 312, 37 L. R. A. 142; *In re Cook*, 49 Fed. 833. But it does not follow that the rules of pleading applicable to embezzlement are not controlling in this case. If the defendants are answerable, it is for abuse of their official duties. A consistent system should apply the same rules to all cases in which the abuse of official duty is an essential element, so far as that feature is concerned. And therefore the rules of pleading that govern in bribery of an official, extortion by an official, embezzlement by an official, etc., are

to be accepted in determining the sufficiency of this indictment.

"An indictment for the bribery of an officer or functionary of justice should allege the pendency and character of the suit or duty in which he was to be thereby influenced, with such averments as to show that the intent was to bribe him in respect to his official duties." 3 Ency. Pl. & Pr. 698. "Defendant's receipt of property embezzled.—It must be directly and positively alleged that the property came into the defendant's possession and was held by him by virtue of his being a servant, agent, bailee, trustee, or officer, as the case may be." 7 Ency. Pl. & Pr. 422. Extortion. "It is usual and probably indispensable to charge that the money was taken under color of office. And the indictment should state what the office was. Lack of the allegation that the money was extracted under color of office renders the indictment defective in substance, and this defect is not waived by pleading to the indictment or cured by verdict." 8 Ency. Pl. & Pr. 793. *State* v. *Oden*, 10 Ind. App. 136, was a prosecution against a county clerk for extortion. The indictment alleged that the moneys were received by the clerk for fees claimed to be due him in a certain action, but failed to charge that he demanded and received them in his official capacity. The court said: "The indictment under consideration wholly fails to show that appellee received the money as fees for the performance of any official duty, or in his official capacity. So far as the allegations of the indictment advise us, it may have been claimed by him for services as witness or juror in the case." In *Moore* v. *United States*, 160 U. S. 268, 16 Sup. Ct. 294, 40 L. ed. 422, the indictment charged that the defendant "Moore, being then and there an assistant, clerk, or employe, in or connected with the business or operation of the United States post-office in the city of Mobile, in the state of Alabama, did embezzle the sum of ———, money of the United States, of the value of ———, the said money being the

personal property of the United States". The indictment was held to be insufficient. "If the words charging the defendant with being an employe of the post-office be material, then it is clear, under the cases above cited, that it should be averred that the money embezzled came into his possession by virtue of such employment. Unless this be so, the allegation of employment is meaningless and might even be misleading, since the defendant might be held for property received in a wholly different capacity—such, for instance, as a simple bailee of the government.    *    *    * If, then, the indictment in this case had charged that the defendant, being then and there assistant, clerk, or employe, in or connected with the business or operations of the United States post-office in the city of Mobile, embezzled the sum stated, and had further alleged that such sum came into his possession in that capacity, we should have held the indictment sufficient".

Whether or not appellees received the money in their official capacity is left to conjecture. The indictment states that appellees were president and cashier of the bank; that the bank was insolvent, etc.; and that appellees received from The F. Wunderlich Company a certain sum of money as a deposit with the bank, etc. There is no averment that the money was received by them in their official capacity. Nor are there allegations from which such fact would follow as an inevitable conclusion. For aught that appears in the indictment, appellees may have received, at their homes, or on the street, the money of The F. Wunderlich Company as a deposit with the bank,—and the bank may never have received it. It may also be conjectured that the bank received the money through appellees as its officers. But accused persons are not to be arraigned on conjectures.

Judgment affirmed.

Dowling, J., took no part in this decision.