THE STATE *v.* WINSTANDLEY ET AL.

[No. 18,682.    Filed October 4, 1900.]

EMBEZZLEMENT.—*Indictment.*—An indictment which charged that defendants, being officers, agents and employes of a bank, and having access to and control and possession of money, appropriated the same to their own use, but not averring that defendants had possession of such money by virtue of their employment, was insufficient to charge embezzlement under §2022 Burns 1894.

From the Clark Circuit Court.    *Affirmed.*

*W. L. Taylor,* Attorney-General, *H. C. Montgomery, W. C. Utz, J. K. Marsh, F. E. Matson, Merrill Moores* and *C. C. Hadley,* for State.

*A. Dowling, C. D. Kelso, J. V. Kelso, M. Z. Stannard, W. H. Watson, C. L. Jewett* and *H. E. Jewett, for appellees.*

HADLEY, J.—Indictment in two counts for embezzlement. Motion to quash each count sustained. The State appeals.

In substance, it is charged in the first count that at, etc., and on, etc., William L. Breyfogle, Isaac S. Winstandley, and Clarence J. Frederick, each then and there being officers, agents, and employes of a certain banking company known as the New Albany Banking Company, which banking company had been theretofore organized under the laws of the State of Indiana, and which said banking company was then and there carrying on a banking business in the city of New Albany, Indiana, the same Breyfogle, Winstandley, and Frederick, "having access to, control and possession of, a large sum of money, to wit, the sum of $76,-108.70, of the value of $76,108.70, to the possession of which the said New Albany Banking Company at said time was entitled; that they, the said William L. Breyfogle, Isaac S. Winstandley, and Clarence J. Frederick, while in such employment and acting as officers, agents and em-

ployes of said New Albany Banking Company, as aforesaid, did then and there unlawfully, feloniously, wilfully, and fraudulently take, purloin, secrete, misapply, and appropriate to their own use, and to the use of William S. Winstandley, the said sum of $76,108.70, the said sum of $76,108.70 then and there being deposited with, and held by, the said New Albany Banking Company; contrary," etc.

The second count is the same as the first, except that in the second the bank is alleged to be incorporated.

The gist of the charge is that the defendants, being officers, agents, and employes of the bank, and having access to, and control and possession of, a large sum of money, to which the bank was entitled to possession, while in such employment, and acting as such officers, agents, and employes, did unlawfully and fraudulently take and appropriate to their own use, etc. It will be noted that it is not averred that the defendants had access to and control and possession of the money appropriated by them, by virtue of their employment. It is stated by the State's attorney that the prosecution is under §2022 Burns 1894, §1944 Horner 1897; and, to make out a crime under this section, it must appear that the act charged was not criminal before the passage of the act of 1865 (Acts 1865 S. S., p. 204), the substance of which act is carried into §2022, *supra,* in the compilation of 1881. *Smith* v. *State,* 28 Ind. 321. See, also, *State* v. *Wingo,* 89 Ind. 204.

If the duties of the defendants, as officers, agents, and employes of the bank were such as had no connection with the money of the bank, but only afforded them an opportunity to reach and take it, and, without authority of the bank, they did take possession and appropriate it, the act would have been larceny at the time of the passage of the act of 1865, and hence not indictable as the new crime of embezzlement created by that act. Embezzlement is the fraudulent conversion of property by a person to whom it has been entrusted. Bouvier's Dictionary; Anderson's

Dictionary. Therefore, in charging embezzlement under §2022, it is necessary to show some right, trust, or duty arising from the employment in respect to the possession of the property appropriated.

As was said by this court in *Colip* v. *State,* 153 Ind. 584, at page 586: "The access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference to the particular article of property feloniously appropriated. Something more than mere physical access, or opportunity of approach to the thing, is required. There must be a relation of special trust in regard to the article appropriated, and it must be by virtue of such trust that the servant has access to, or control, or possession of it."

We are not advised by the indictment in what capacity the defendants were employed by the bank; whether either was president, cashier, or teller. For aught that appears, they may have been directors, book-keepers, or any other class of employes. They may also have been, respectively, president, cashier, and teller. We may as reasonably infer the one as the other. Such a state of uncertainty is not permitted in criminal pleading. For failure, therefore, to show that the defendants had access to and control and possession of the money appropriated, by virtue of their employment, the indictment is insufficient. See *State* v. *Winstandley,* 154 Ind. 443. Judgment affirmed.

Dowling, J., did not participate.