167 415
f168 645

## VINNEDGE *v.* THE STATE.

[No. 20,889. Filed November 27, 1906.]

1. INDICTMENT AND INFORMATION.—*Statutes.*—*Charging in Language of.*—*When Sufficient.*—Where a statute in defining a crime sets out all of the elements thereof, it is sufficient for the indictment to follow the language thereof, but where the statute omits an element of the crime, or has been narrowed by judicial construction so that an indictment in the language thereof would be uncertain, a charging in the language of the statute is insufficient. p. 417.

2. INDICTMENT AND INFORMATION. — *Inferences.* — An indictment charging facts only by inference is insufficient. p. 418.

3. EMBEZZLEMENT. — *Elements.* — *Trespass.*—Embezzlement, as distinguished from larceny, does not include the element of trespass in obtaining the possession of the money or thing appropriated. p. 418.

4. SAME.—*Possession.*—*How Obtained.*—Under §2022 Burns 1901, §1944 R. S. 1881, to constitute embezzlement, the money appropriated must come into defendant's possession by virtue of his employment. p. 418.

5. INDICTMENT AND INFORMATION.—*Form.*—*Embezzlement.*—An indictment for embezzlement charging that defendant was an employe "and as such employe then and there had control and possession of" $98.25, the property of his employer, is insufficient, since it fails to show by a direct allegation that his possession was by virtue of his employment. p. 419.

6. EMBEZZLEMENT.—*Larceny.*—*Statutes.*—The statute defining embezzlement (§2022 Burns 1901, §1944 R. S. 1881) is supplemental to that defining larceny (§2006 Burns 1901, §1933 R. S. 1881), and the two do not overlap. p. 420.

7. SAME.—*Proof of Larceny.*—A defendant cannot be convicted of larceny where the proof shows embezzlement. p. 420.

8. CRIMINAL LAW.—*Crimes.*—*Statutory.*—All crimes in Indiana are statutory; and the defendant must be prosecuted and convicted under some certain statute. p. 420.

9. LARCENY.—*Embezzlement.*—*Possession.*—Where a servant has a mere naked possession or control of the money appropriated, and occupies no trust relation thereto, his appropriation of his employer's money constitutes larceny and not embezzlement. p. 420

From Madison Circuit Court; *H. J. Paulus,* Special Judge.

Prosecution by the State of Indiana against Llewellyn H. Vinnedge. From a judgment of conviction, defendant appeals. *Reversed.*

*Bagot & Bagot,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

GILLETT, J.—Appellant, having been convicted of the crime of embezzlement, appeals to this court, and assigns as error the overruling of his motion to quash the indict-

ment.   Omitting the formal parts, that pleading reads as follows: "That on or about November 23, 1903, at and in the county of Madison, State of Indiana, one Llewellyn H. Vinnedge was then and there an employe of the American Steel & Wire Company, a corporation, and as such employe then and there had control and possession of ninety-eight and twenty-five hundredths ($98.25) dollars in money, of the value of ninety-eight and twenty-five hundredths ($98.25) dollars, the property of said American Steel & Wire Company, a corporation, to the possession of which said money said American Steel & Wire Company was entitled; that said Llewellyn H. Vinnedge while in the employ of said American Steel & Wire Company, a corporation, and in the possession and control of said money as aforesaid, did then and there unlawfully, feloniously, and fraudulently, without the consent of said American Steel & Wire Company, a corporation, purloin, secrete, embezzle, and appropriate to his own use all of said money."

It is contended by counsel for appellant that the access, control, or possession which the statute (§2022 Burns 1901, §1944 R. S. 1881) refers to is an access, control, or possession which is had by virtue of the employment, and that because of the omission of an allegation to that effect the motion to quash should have been sustained.   The Attorney-General, on the other hand, contends that it is sufficient to follow the language of the statute in charging the crime of embezzlement, and also that the facts pleaded are sufficiently certain to preclude any other reasonable inference than that the money came into appellant's hands by virtue of his employment.

While it is true that statutory crimes may be charged in the language of the statute, where the words of the statute itself directly and expressly, and without any uncertainty or ambiguity, set forth the elements of the offense, yet this is not the rule where the pursuing of the words of the statute would create uncertainty as to the nature of the charge,

or where, owing to a narrowing of the statute by judicial construction, a charging of the facts would not, owing to some other element which is involved, state an offense. *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789; *Stropes* v. *State* (1889), 120 Ind. 562; *State* v. *Welch* (1882), 88 Ind. 308; *Schmidt* v. *State* (1881), 78 Ind. 41; *Manheim* v. *State* (1879), 66 Ind. 65. It was said in *United States* v. *Carll* (1881), 105 U. S. 611, 26 L. Ed. 1135: "The fact that the statute in question, read 2. in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent." The same idea was expressed by this court in *Bates* v. *State* (1869), 31 Ind. 72, where it was said: "Law may be construed according to the evident intent and purpose of the legislature, but an indictment cannot be thus modified."

It is a well-known fact in the history of the criminal law that the offense of embezzlement was created to cover a class of cases in which the act of the wrongdoer 3. did not involve the element of a trespass, owing to the fact that the possession was in him.

Construing the statute in question in the light of the common law, and keeping in mind the character of the offense of larceny, it becomes evident that, in de- 4. nouncing the offense of embezzlement, it was the legislative intent to make the element of access, control, or possession such an access, control, or possession as was obtained or had by virtue of the employment. It has been said that the purpose of embezzlement statutes is to protect employers against the frauds of those in whom they have confided, and that where this element of confidence does not exist the statutes do not apply. 2 Bishop, Crim. Law (8th ed.), §352.

In *Colip* v. *State* (1899), 153 Ind. 584, 74 Am. St. 322, this court, in discussing the statute here involved, said: "The access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference to the particular article of property feloniously appropriated. Something more than mere physical access, or opportunity to approach to the thing, is required. There must be a relation of special trust in .regard to the article appropriated, and it must be by virtue of such trust that the servant has access to, or control, or possession of it." This holding was followed in *State* v. *Winstandley* (1900), 155 Ind. 290, wherein it was indicated that the indictment there under consideration was properly quashed because of the omission to allege that the defendants had access to, control, or possession of the money appropriated by virtue of their employment. In *State* v. *Winstandley* (1900), 154 Ind. 443, the court quoted with apparent approval· the following statement concerning the requirement of an indictment for embezzlement: "It must be directly and positively alleged that the property came into the defendant's possession and was held by him by virtue of his being a servant, agent, bailee, trustee, or officer, as the case may be."

It is, however, argued by the Attorney-General that the charge that appellant "as such employe then and there had control and possession of" the money is sufficient to show that appellant's possession and control was by virtue of his employment. It so happens that in *Ritter* v. *State* (1887), 111 Ind. 324, this court was at the pains to state its doubt concerning the sufficiency of an indictment which was in practically the same language as is employed in the accusation before us; but, as the point was not made, it was left undecided. We meet the question now, and after careful consideration we conceive it to be our duty to resolve what was thus left in doubt into a definitive ruling that such an allegation is insufficient.

In concurrently enacting a larceny (§2006 Burns 1901, §1933 R. S. 1881) and an embezzlement statute (§2022, *supra)*, we are of opinion that it was the purpose of the lawmaking power to make the latter statute supplemental to the former; at least this should be the construction so far as the language of the embezzlement statute will reasonably admit of it. These denouncements should not be construed as overlapping. 1 Wharton, Crim. Law (10th ed.), §1009. If for no other reason, the fact that the penalty for embezzlement is more severe is a sufficient reason for denying the State the right, as a mere matter of election, to prosecute for the crime upon which attends the heavier burden of punishment. 2 Bishop, Crim. Law (8th ed.), §329. It was held in *Jones* v. *State* (1877), 59 Ind. 229, that where the evidence shows the offense to have been embezzlement, there can be no conviction of larceny. In line with this is *Montgomery* v. *State* (1881), 80 Ind. 338, 41 Am. Rep. 815, where it was said: "It is important to keep in mind that in Indiana there are no other crimes than such as are defined by statute. As all crimes are statutory, all prosecutions should be under the statute by which the offense is defined and the punishment prescribed."

Where there is at most but a naked possession or control —that is, a bare charge—or where the access consists of a mere physical propinquity as an incident of the employment, the felonious appropriation should be regarded as larceny. The reference in the embezzlement statute to officers, agents, attorneys, clerks, servants, and employes is plainly indicative of the intent to limit the denouncement of the statute to cases in which such persons have, as an element of their employment, a special trust concerning the money, article, or thing of value that involves an actual possession thereof or a special right of access to or control over the same. This requirement would

not be satisfied, as we may indicate by way of illustration, by the mere control, possession, or physical opportunity of access, which a watchman in charge of a store might have. As before indicated, the relationship contemplated by the statute is one of special trust and confidence; a relationship in which there inheres, either for the particular transaction or for all purposes, a special right of access to, control, or possession of, the money, article, or thing of value which is appropriated. And so here, the charge that the defendant had control and possession of the money as an employe falls short of showing that there inhered in his employment the right to such control and possession. It is therefore our opinion that the court below erred in overruling the motion to quash.

Judgment reversed, with an instruction to quash the indictment, and for further proceedings not inconsistent with this opinion.