## WRIGHT v. THE STATE.

[No. 20,983.   Filed June 19, 1907.]

INDICTMENT AND INFORMATION. — Embezzlement. — Employes. — How Charged.—Words and Phrases.—An information charging an employe with the crime of embezzlement must show that such employe obtained possession of the money or property misappropriated "by virtue of such employment;" and the charge that he obtained such money or property "as such employe," is not sufficient.

From Sullivan Circuit Court; Orion B. Harris, Judge.

Prosecution by the State of Indiana against William Wright. From a judgment of conviction, defendant appeals. Reversed.

Charles D. Hunt, for appellant.

James Bingham, Attorney-General, A. G. Cavins, E. M. White and H. M. Dowling, for the State.

MONTGOMERY, J.—Appellant was convicted of the crime of embezzlement, upon an affidavit, which, omitting the formal parts, is as follows:

"Osie E. Lovelace, being duly sworn, on his oath says: That on December 27, 1905, and for more than one year prior thereto, there existed in the county of Sullivan and State of Indiana an association, then and there being Local Union No. 2,089 of the United Mine Workers of America; that said association was com-

monly called and known as the 'Willfred Local Union No. 2,089 of the United Mine Workers of America;' that said local union then and there had for its objects: To enforce the provisions of the national constitution and edicts of annual conventions of the United Mine Workers of America and of District Eleven, and to attend to, and, in conjunction with the company's officials, regulate the conditions of the employment in the mine, to regulate the turn in the mine, to secure to all its members fair treatment at all times, and rigidly to enforce all agreements made between said local union and the company, or between the district or national officers and the company relative to prices or conditions of employment; that said local union then and there had and used a certain seal on which is inscribed the words "Local Union No. 2,089 United Mine Workers of America, Shelburn, Indiana; that William Wright, on December 27, 1905, in the county of Sullivan and State of Indiana, was, and for about six months prior thereto had been, then and there the officer, agent, clerk, servant and employe of said association, Local Union No. 2,089 of the United Mine Workers of America, said William Wright, as such officer, agent, clerk, servant, and employe, then and there being commonly called the "treasurer" of said association; that as such officer, agent, clerk, servant, and employe, said William Wright then and there had in his possession and control $1,100 in money, being the personal property of said local union, and to the possession of which said local union was then and there entitled; that said William Wright, having then and there, as such officer, agent, clerk, servant, and employe, the control of $1,100 in money, the personal property of said local union, to the possession of which said local union was then and there entitled, did then and there unlawfully, fraudulently, and feloniously embezzle, purloin, secrete, and appropriate to his own use said $1,100 in money aforesaid, without then and there having the consent of said local union so to do. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The overruling of a motion to quash is assigned as error. The affidavit is founded upon §392 of the criminal statute of 1905 (Acts 1905, pp. 584, 671, §2037 Burns 1905). The charge is that appellant was the employe of a certain association, and "as such employe" had possession of the money alleged to have been misappropriated. It was recently held by this court that, in such a case as this, it is not sufficient to charge the offense merely in the language of the statute, but that an affidavit or indictment to be good must contain an averment that the accused obtained possession of the money or property misappropriated "by virtue of such employment." The expression "as such employe" was held not to be the equivalent of the phrase "by virtue of such employment."

The principle declared in the case of *Vinnedge* v. *State* (1906), 167 Ind. 415, is decisive of the present controversy, and upon the authority of that case the affidavit in this must be held insufficient. See, also, *State* v. *Winstandley* (1900), 155 Ind. 290; *State* v. *Winstandley* (1900), 154 Ind. 443; *Colip* v. *State* (1899), 153 Ind. 584, 74 Am. St. 322; *Ritter* v. *State* (1887), 111 Ind. 324; 2 Bishop, Crim. Law (8th ed.), §352.

The judgment is reversed, with directions to sustain appellant's motion to quash the affidavit, and for further proceedings.