## FROST *v.* STATE OF INDIANA.

[No. 22,150. Filed October 8, 1912.]

1. EMBEZZLEMENT.—*Affidavit.—Sufficiency.*—Under §2285 Burns 1908, Acts 1905 p. 584, §392, providing that every officer, agent, attorney, clerk, servant or employe of any person, firm, corporation or association, who, having access to, control or possession of any money, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way appropriate the same to his own use, shall be deemed guilty of embezzlement, an affidavit alleging that a certain person was

treasurer of an Odd Fellows Lodge, and that as such treasurer he had control and possession of a sum of money, the property of said lodge and to the possession of which it was then and there entitled, and that he, while such treasurer and so in possession and control of said money, embezzled the same, was sufficient as a charge of embezzlement without the use of the words "by virtue of his employment" in describing the character of defendant's possession, since the allegation that he was "treasurer" was a direct allegation of a particular employment involving a trust relation to the funds, and the allegation that he had control and possession "as such treasurer" excluded any implication that he gained such control and possession otherwise than rightfully by virtue of his office. p. 312.

From Clay Circuit Court, *John M. Rawley*, Judge.

Prosecution by the State of Indiana against Merle L. Frost. From a judgment of conviction, the defendant appeals. *Affirmed.*

*C. G. Scofield, A. C. Miller* and *A. W. Knight*, for appellant.

*Thomas M. Honan*, Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough*, for the State.

Cox, C. J.—After a trial by jury, appellant was convicted of embezzlement on a charge presented by an affidavit, the material parts of which read as follows: "That at said County of Clay, on or about the 24th day of March, 1910, one Merle L. Frost, was then and there Treasurer of Clay Encampment Independent Order of Odd Fellows No. 165, and as such treasurer then and there had control and possession of thirteen hundred and twenty-six dollars and seventy-eight cents of money, the property of the said Clay Encampment Independent Order of Odd Fellows No. 165, to the possession of which money the said Clay Encampment Independent Order of Odd Fellows No. 165, then and there was entitled; that the said Merle L. Frost while the treasurer of the said Clay Encampment Independent Order of Odd Fellows No. 165 and in the possession and control of such money as aforesaid, did then and there, unlawfully, feloniously and

fraudulently, without the consent of said Clay Encampment Independent Order of Odd Fellows No. 165, purloin, secrete, embezzle and appropriate to his own use all of said money, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.''

Proper assignments of errors raise the question whether the affidavit is sufficient to charge the crime of embezzlement as defined by §392 of the crimes act of 1905 (Acts 1905 p. 584, §2285 Burns 1908). This is the sole question presented for determination by this appeal.

It is claimed by counsel for appellant that the omission from the affidavit of the direct averment that appellant held the control and possession of the money, alleged to have been converted by him, ''by virtue of his employment'' as treasurer of Clay Encampment, makes the affidavit fatally defective as a charge of the crime of embezzlement.

In the case of *Ritter* v. *State* (1887), 111 Ind. 324, 12 N. E. 501, the indictment charged that defendant was ''an employe of one John McCarter,'' and that ''as such employe'' he had control and possession of certain money of McCarter. While the point was not raised or decided, a doubt was suggested, in the opinion of the court, of the sufficiency of these allegations to show that defendant's possession of the converted money was by virtue of his employment. It was therein said: ''It is doubtful whether the indictment under consideration does, or does not, show with sufficient certainty that appellant, by virtue of his employment, was intrusted with the money upon which the charge of embezzlement against him is predicated.''

In *Colip* v. *State* (1899), 153 Ind. 584, 55 N. E. 739, 74 Am. St. 322, it was held that ''the access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference to the particular article of property feloniously appropriated.

Something more than mere physical access, or opportunity of approach to the thing, is required. There must be a relation of special trust in regard to the article appropriated, and it must be by virtue of such trust that the servant has access to, or control, or possession of it.''

In *State* v. *Winstandley* (1900), 154 Ind. 443, 57 N. E. 109, which was a prosecution for fraudulently receiving deposits in an insolvent bank, the indictment charged that Winstandley was president and Frederick, the other defendant, cashier of a certain bank, and it was then charged ''that they, the said Isaac S. Winstandley and Clarence J. Frederick, each then and there well knowing the insolvency of said New Albany Banking Company did then and there unlawfully,'' etc., receive deposits. In holding that the indictment was properly quashed, it was said: ''Whether or not appellees received the money in their official capacity is left to conjecture. The indictment states that appellees were president and cashier of the bank; that the bank was insolvent, etc.; and that appellees received from the F. Wunderlich Company a certain sum of money as a deposit with the bank, etc. There is no averment that the money was received by them in their official capacity. Nor are there allegations from which such fact would follow as an inevitable conclusion. For aught that appears in the indictment, appellees may have received, at their homes, or on the street, the money of the F. Wunderlich Company as a deposit with the bank—and the bank may never have received it. It may also be conjectured that the bank received the money through appellees as its officers. But accused persons are not to be arraigned on conjectures.''

The case of *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71, was a prosecution of the same parties involved in the case last referred to, and another, for embezzlement under a section of the criminal code substantially the same as §2285, *supra*. The indictment alleged that defendants, each then and there being officers, agents and employes of

the bank, and having access to, and control and possession of, a large sum of money, to the possession of which the bank was entitled, while in such employment, and acting as such officers, agents and employes, did unlawfully and fraudulently take and appropriate to their own use, etc. In holding that this indictment was insufficient, because its allegations did not show with necessary certainty that the possession of the money by defendants at the time of the appropriation was by virtue of their employment, the court said: "If the duties of the defendants, as officers, agents, and employes of the bank were such as had no connection with the money of the bank, but only afforded them an opportunity to reach and take it, and, without authority of the bank, they did take possession and appropriate it, the act would have been larceny at the time of the passage of the act of 1865, and hence not indictable as the new crime of embezzlement created by that act. Embezzlement is the fraudulent conversion of property by a person to whom it has been intrusted. Bouvier's Dictionary; Anderson's Dictionary. Therefore, in charging embezzlement under §2022, it is necessary to show some right, trust, or duty arising from the employment in respect to the possession of the property appropriated. * * * We are not advised by the indictment in what capacity the defendants were employed by the bank; whether either was president, cashier or teller. For aught that appears, they may have been directors, bookkeepers, or any other class of employes. They may also have been, respectively, president, cashier, and teller. We may as reasonably infer the one as the other. Such a state of uncertainty is not permitted in criminal pleading. For failure, therefore, to show that the defendants had access to and control and possession of the money appropriated, by virtue of their employment, the indictment is insufficient."

Again, in *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353, the question of the sufficiency of an indictment for embezzlement was involved. That indictment charged that

Vinnedge "was then and there an employe" of a certain corporation, "and as such employe then and there had control and possession" of certain money of the corporation, which, it was duly charged, he appropriated while in the employ of the company. This indictment was held not to show by direct averment that the possession of the money by defendant was by virtue of his employment, and the following language was used in so holding: "Where there is at most but a naked possession or control—that is, a bare charge—or where the access consists of a mere physical propinquity as an incident of the employment, the felonious appropriation should be regarded as larceny. The reference in the embezzlement statute to officers, agents, attorneys, clerks, servants, and employes is plainly indicative of the intent to limit the denouncement of the statute to cases in which such persons have, as an element of their employment, a special trust concerning the money, article, or thing of value that involves an actual possession thereof or a special right of access to or control over the same. This requirement would not be satisfied, as we may indicate by way illustration, by the mere control, possession, or physical opportunity of access, which a watchman in charge of a store might have. As before indicated, the relationship contemplated by the statute is one of special trust and confidence; a relationship in which there inheres, either for the particular transaction or for all purposes, a special right of access to, control, or possession of, the money, article, or thing of value which is appropriated. And so here, the charge that the defendant had control and possession of the money as an employe falls short of showing that there inhered in his employment the right to such control and possession."

In *Wright* v. *State* (1907), 168 Ind. 643, 81 N. E. 660, the affidavit charged that Wright was "the officer, agent, clerk, servant and employe, then and there being commonly called the 'treasurer' of said association; that as such officer,

agent, clerk, servant and employe'' he had in his control and possession certain money belonging to it, etc.    It was held that the Vinnedge case was decisive of that, and upon its authority the affidavit was held insufficient.

It is the contention of appellant's counsel that these decisions lead naturally and inevitably to the overthrow of the affidavit upon which appellant was convicted, and the reversal of this case.    We think these cases have defined the ultimate limit requiring certainty in an affidavit or indictment for embezzlement in the particular of alleging with certainty the character of a defendant's access to, control or possession of the property alleged to have been embezzled by him; and we feel constrained to say that they should be strictly limited, and the last one disapproved, rather than to extend their force as precedents to overthrow the affidavit now before us.    We are convinced that the doubt expressed by this court of the sufficiency of the indictment in the Ritter case would not have arisen if that charge had been in the language of this.    In that case the charge was that defendant was an ''employe'', a designation not indicating the nature of the employment at all and broad enough to embrace a relationship involving nothing of special trust; while in the affidavit before us, the particular official character of defendant, and his relation to the owner of the property alleged to have been converted by him, are averred.    It is to be noted that the indictment in the case of *State* v. *Winstandley* (1900), 154 Ind. 443, 57 N. E. 109, was held insufficient, because it was not averred that defendants received the money in their official capacity, nor facts from which that conclusion must be inferred.    In the case of *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71, the language of the court, above quoted, strongly implies that if the indictment had designated the particular nature of the defendants' relationship to the bank, and that had shown a relation of trust, such as president, cashier or teller, it would have shown with sufficient certainty that their possession

was by virtue of their employment, and the indictment would have been good. The affidavit in the case before us does this.

In the Vinnedge case as in the Ritter case the charge was that the defendant was an "employe", without any allegations to show the nature of his employment, or that there inhered in it a right to the control and possession of the money converted. It was therefore held that it did not exclude the implication that defendant's possession was a mere naked one without the right that a trust relationship would have given. Obviously the decision in that case falls short of covering the affidavit in this.

A somewhat dimmer line divides the Wright case from the one under consideration, but the affidavit in that case alleged that the defendant was the "officer, agent, clerk, servant and employe" of the association, and as such had the possession of money of the association, and converted it. It is true that there is in it also the allegation "being then and there *commonly called* the 'treasurer' of said association"; but this falls something short of a direct allegation that he *was* the treasurer. The direct allegations found in the affidavit are only of a relationship which might or might not involve a position of trust. So there is visible some reason for placing the Wright case in the same class as the others, where the allegations were considered to be open to two implications, as to whether defendant held possession of the property by virtue of a trust relationship or otherwise.

The affidavit in this case directly and positively alleges that appellant was "treasurer" of Clay Encampment, "and as such treasurer" had control and possession of cer-

1. tain money of the encampment, and while being so possessed of the money converted it. It is true that the words, "by virtue of his employment," are not used in the affidavit to show the character of appellant's possession —that it was in his trust relationship. But the use of these identical words are not absolutely essential. It is sufficient if facts are alleged which unequivocally convey that mean-

ing. 7 Ency. Pl. and Pr. 423. The affidavit before us does this. The Century Dictionary defines treasurer to be "one who has the charge of collected funds, such as those belonging to incorporated companies." Bouvier, Law Dict. (Rawle's Rev.) gives the meaning of the word as "an officer intrusted with the treasures or money either of a private individual, or a corporation, company, or a state." See, also, *State* v. *Eames* (1887), 39 La. Ann. 986, 989, 3 South. 93; *Weld* v. *May* (1852), 63 Mass. 181, 188; *Commonwealth* v. *Tuckerman* (1857), 76 Mass. 173, 188; *People* v. *Messer* (1907), 148 Mich. 168, 175, 111 N. W. 854, and cases cited.

The allegation that appellant was "treasurer" of Clay Encampment was a direct allegation of a particular employment necessarily involving a trust relation to the funds of the association; and the allegation that "as such treasurer" he had the control and possession of the money of the association, excludes any implication that he gained the control and possession by a trespass, or held it otherwise than rightfully, by virtue of the office he held. "As such" means "in that particular character." Century Dictionary. We do not think that to have alleged that appellant held control and possession of the money "by virtue of his employment" as such treasurer would have added anything to the certainty of the affidavit. It would have been in effect mere tautology.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 419. See, also, 15 Cyc. 519. As to the sufficiency of an indictment for embezzlement with respect to allegations of fiduciary relation, see Ann. Cas. 1912 C. 903.