Bowen *v.* State—189 Ind. 644.

---

### Bowen *v.* State of Indiana.

[No. 23,097.   Filed November 30, 1920.]

1. EMBEZZLEMENT.—*Indictment.—Allegation of Possession.*—In an indictment for embezzlement, an averment that defendant had control and possession of his employer's money by virtue of his employment is regarded as an allegation that he held rightful possession in a trust capacity. p. 648.

2. EMBEZZLEMENT.—*Indictment.—"Director, Agent and Employe."* —In an indictment for embezzlement an averment that the defendant was the agent and employe of a corporation is not made insufficient by the further charge that he was a director, there being no law forbidding a director to be an agent or employe. p. 649.

3. EMBEZZLEMENT.—*Indictment.—Harmless Error.—Surplus Allegation of Stealing.*—Where a count of an indictment was for embezzlement, stating facts showing that the alleged taking constituted embezzlement, the use of the word "steal" in connection with the charge of taking, purloining, secreting and appropriating to his own use, must be regarded as surplusage, and where it clearly appears that the defendant was tried thereon for embezzlement only, under instruction that such count charged only embezzlement, and the statute defining such offense was recited in the instruction, and the verdict recited that it was for embezzlement and on such count, the use of such surplusage was harmless and overruling the motion to quash was not reversible error. p. 649.

4. INDICTMENT AND INFORMATION.—*Pleading Conclusions.—Statute.—.*
*Validity.*—Chapter 62, Acts 1915 p. 123, §343a Burns' Supp. 1918,
declaring that allegations of conclusions shall be treated as
averments of all facts necessary to sustain such allegations, is
void under the Constitution, as applied to criminal pleading.
p. 650.

5. INDICTMENT AND INFORMATION.—*Joinder of Offenses.—Embezzle-*
*ment and Larceny.—No Election·by State Necessary.*—As §185,
Acts 1905 p. 584, §2056 Burns 1914, expressly authorizes the
joinder of counts for larceny and embezzlement of the same prop-
erty, no election by the state can be required when the indictment
is so drawn and it does not appear from the evidence that
different sums are involved. p. 651.

6. CRIMINAL LAW.—*Appeal.—Refusal of Peremptory Instruction.*
*—Motion for New Trial.—Assignment of Error.*—The refusal of
the trial court to peremptorily instruct the jury for the defendant
at the close of the evidence offered by the state, cannot be as-
signed independently as error, but must be included in the motion
for a new trial. p. 651.

7. CRIMINAL LAW.—*Refusal of Peremptory Instruction.—Waiver*
*of Motion.*—The introduction of evidence by an accused after
the refusal of the trial court to give the jury a peremptory
instruction in his favor at the conclusion of the state's evidence,
waives the motion for such instruction. p. 651.

8. CRIMINAL LAW.—*Instructions.—Refusal for Incompleteness or*
*Over-emphasis.*—It is not improper to refuse to give instructions
requested by an accused where in each some element of a com-
plete·instruction is omitted or words of emphasis are inserted
that expose the instruction to misconstruction as an attempt to
control the jury in matters within its exclusive province. p. 652.

9. CRIMINAL LAW.—*Instructions.—Jury as Judges of the Law.*—In
a prosecution for embezzlement, an instruction is inaccurate that
tells the jury that they should judge the law as it is found in
the statutes, because all the law of Indiana is not so found,
and the common law has to be looked to for a complete definition
of such crime. p. 652.

10. EMBEZZLEMENT. — *Instructions. — Disjunctive Characterization*
*and Recital.*—In a prosecution for embezzlement, an instruction
authorizing a conviction if the jury found accused to be a di-
rector, agent *or* employé, and that as such he had access to, con-
trol *or* possession of, the funds, without any mention being made
of such control and possession being by virtue of his employment,
is ·fatally defective in stating the crime of embezzlement, and
in effect authorizes a conviction upon facts constituting larceny

in case the proof showed only that the accused was a director and as such had access to the funds. p. 653.

11. CRIMINAL LAW.—*Instructions.—Presumption of Knowledge by Accused.—Embezzlement.*—It was improper, in a prosecution for embezzlement of a stated sum of money, to instruct the jury that, as a director of the corporation, the accused would be presumed to know the amount and value of the paper and securities held by the company, as such instruction was not pertinent to the issues. p. 655.

12. CRIMINAL LAW.—*Instructions.—Presumption Against Accused. —Presumption of Innocence.*—An instruction that accused would be presumed to know certain facts by virtue of his office was erroneous as violating the rule that all presumptions favor the innocence of the accused. p. 655.

13. CRIMINAL LAW.—*Instructions.—Larceny and Embezzlement Charged.—Other Offenses.*—In a prosecution under two counts for larceny and embezzlement under §§2269, 2285 Burns 1914, §§377, 392, Acts 1905 p. 584, it was error for the court to impliedly assume by an instruction that the accused was guilty of an offense in becoming in any manner indebted to the corporation under other laws relating to transactions between trust companies and their directors. p. 656.

14. CRIMINAL LAW.—*Larceny and Embezzlement.—Instructions.— Authorizing Conviction for Offense Not Charged.*—Where the indictment in one count charged the larceny of a sum of money, and the other count charged embezzlement of the same sum of money, an instruction authorizing conviction if by means of a draft the accused had withdrawn that sum, was erroneous, as authorizing conviction for a crime with which the accused was not charged by the indictment. p. 658.

15. CRIMINAL LAW. — *Embezzlement. — Instructions. — Failing to Mention "Money" as Charged.*—Under an indictment for embezzling a stated sum of money, an instruction authorizing conviction if the jury found that the accused had embezzled the sum stated, no mention being made that such sum so embezzled must be in money, was erroneous. p. 659.

16. EMBEZZLEMENT.—*Evidence Insufficient to Sustain Verdict.*— Evidence that accused was a director and former president of a trust company, and that he cashed at the trust company a draft on another company with which he had no funds, but which failed to show that the accused was in the employment of the trust company or that by virtue of such employment he had possession of its money as charged, and converted it to his own use with felonious intent, is insufficient to sustain a verdict of guilty

of the crime of embezzlement, since an accused cannot lawfully be found guilty except upon proof of the facts alleged.  pp. 662, 663.

17.  EMBEZZLEMENT. — *Director of Trust Company.* — *Control of Money.*—Mere proof that accused was a director of a trust company is insufficient to establish that kind of a trust relation toward the company's money necessarily involved in the offense of embezzlement, since the powers and duties of a director of a loan and trust company, as defined by §4949 Burns 1914, Acts 1907, ch. 83, p. 109, do not necessarily include any such control and possession.  p. 663.

From Hamilton Circuit Court; *James M. Purvis,* Special Judge.

Prosecution by the State of Indiana against George Bowen.  From a judgment of conviction, the defendant appeals.  *Reversed.*

*Christian & Christian, Gifford & Gifford, J. R. Coleman* and *Ralph H. Waltz,* for appellant.

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White, John G. McCord, J. F. Neal* and *N. C. Neal,* for the state.

EWBANK, J.—The indictment on which appellant was convicted consisted of two counts, to each of which separately he addressed a motion to quash for alleged insufficiency of facts to constitute a public offense and uncertainty, which motion was overruled as to each, and appellant excepted.

The cause was submitted to the jury on instructions which expressly stated that the second count charged the offense of embezzlement, under §2285 Burns 1914, Acts 1905 p. 584, §392, and set out that section of the statute at length.  The jury returned a verdict which stated that the jury "finds the defendant guilty of embezzlement, as charged in the second count of the indictment" but contained no finding on the first count.

Said first count charged that the appellant did

"feloniously take, steal and carry away" $2,700, lawful money, the property of the Hamilton Trust Company.

The second count, omitting the title, was as follows: "Count II. The aforesaid grand jurors on their aforesaid oaths further present that one George Bowen late of said county on or about the 15th day of January, 1915, at said county and State aforesaid, was then and there a director, agent and employe of the Hamilton Trust Company, a corporation organized and doing business under the laws of the State of Indiana, at Noblesville, Indiana, and the said George Bowen by virtue of said employment as a director, agent and employe did then and there have control and possession of twenty-seven hundred dollars in money, to the control and possession of which said The Hamilton Trust Company was then and there entitled, which said money was then and there the property of said The Hamilton Trust Company and of the value of twenty-seven hundred dollars and to the control, possession and ownership of which the said The Hamilton Trust Company was then and there entitled, and the said George Bowen did then and there feloniously and fraudulently take, purloin, steal, secrete and appropriate to his own use the money aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Except for the use of the word "steal" in the charging clause said second count of the indictment is substantially the same as others which have 1. more than once been held sufficient by this court as against motions to quash for insufficiency of facts and uncertainty, the averment that

defendant had control and possession of his employers' money "by virtue of his employment," being regarded as the allegation of the fact that he held rightful possession of it in a trust capacity. *State* v. *Nugent* (1914), 182 Ind. 200, 106 N. E. 361; *Frost* v. *State* (1912), 178 Ind. 305, 99 N. E. 419.

The averment that appellant was the "agent and employe" of the Hamilton Trust Company was not made insufficient by the further charge that 2. he was a "director." There is no law forbidding a director also to be an employe and agent of such a corporation.

But it is urged that the averment that, being the agent and employe of said company, in possession by virtue of his employment of a sum of money 3. owned by his employer, the appellant "did then and there feloniously and fraudulently take, purloin, *steal*, secrete and appropriate to his own use the money aforesaid," amounts to a charge of larceny as well as embezzlement. And it is therefore insisted that the count is bad for uncertainty and duplicity, in that it does not inform the defendant with what crime he is charged.

If the averment that appellant had control and possession of the money alleged to have been taken "by virtue of said employment as director, agent and employe" constitutes the averment of a fact showing that he held possession of it in a trust relation, then it states a fact showing that the alleged taking could not have been larceny. An essential element of the crime of larceny is a trespass in taking money or property from the possession of the owner without right. And if the employe *bona fide* received the possession, and held posession by right,

for the master's use and benefit, at the time of the taking or appropriation, the taking could not be larceny, because it would lack the essential element of a trespass. *Colip* v. *State,* (1899), 153 Ind. 584, 55 N. E. 739, 74 Am. St. 322; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Frost* v. *State, supra.* Having stated facts showing that the alleged taking constituted embezzlement and did not constitute larceny, the use of the word "steal" in connection with the charge that appellant did "feloniously   *   *   *   take, purloin,   *   *   *   secrete and appropriate to his own use" the money in question must be regarded as surplusage. And while the introduction of surplusage into an indictment might constitute a material error, if it were of a prejudicial character, it clearly appears that, so far as the count in question is concerned, the appellant was tried thereon only for embezzlement, that the jury was expressly instructed that it charged only the crime of embezzlement, and that the statute defining that offense was recited in full in an instruction, with the statement that it covered the offense charged in the second count, and the verdict recited that appellant was found guilty of embezzlement, as charged in said count. The use of such surplusage in the second count of the indictment, in charging that the money was feloniously taken, was harmless, and the overruling of the motion to quash said count was not reversible error.

Appellant's contention that the act of March 5, 1915 (Acts 1915, ch. 62, p. 123, §343a Burns' Supp. 1918), declaring that allegations of conclusions shall be treated as averments of all facts 4. necessary to sustain the conclusions alleged, and that the defendant's remedy shall be by a motion

to set out the facts relied on, is void under the Constitution as applied to pleadings in criminal cases is sustained by recent decisions of this court. *Hinshaw v. State* (1919), 188 Ind. 147, 122 N. E. 418; id. (1919), 188 Ind. 447, 124 N. E. 458.

Under the authorities cited it was not error to overrule appellant's motion to make the indictment more specific.

The statute expressly authorizes the joinder of a count for larceny with a count for the embezzlement of the same property (Acts 1905, ch. 169, pp. 584, 624, §185; §2056 Burns 1914) and it does not appear, either from the averments of the indictment or from the evidence, that appellant was charged with taking more than a single sum of money, one count charging that he stole it and the other that he embezzled it.

There was no error in overruling the motion to require the state to elect on which count of the indictment it would rely for a conviction.

The refusal of the trial court to give the jury a peremptory instruction in favor of the defendant at the conclusion of the state's evidence is assigned as error. If error at all, this would be a cause for a new trial, and should not be separately assigned as error. However, by proceeding with the introduction of evidence after his motion was overruled, the defendant waived the motion.

Under the assignment that the trial court erred in overruling appellant's motion for a new trial, the appellant challenges the action of the court in giving each of nine instructions, in refusing to give each of seven requested instructions, and in making certain

remarks in the presence of the jury. And also urges that the verdict is not sustained by sufficient evidence, and is contrary to law.

The objectionable remark of the judge was immediately withdrawn, and the jury were instructed not to consider it. Whatever error, if any, was committed in making such remark and in using the language by which it was withdrawn was not sufficient cause for reversing the judgment.

Many of the principles outlined in each of the instructions numbered 1, 5, 9, 11, 12 and 14, requested by appellant, are not open to objection. But in each some element of a complete instruction is omitted, or words of emphasis are inserted which might lay the instruction open to misconstruction as an attempt to control the jury in matters within its exclusive province. The refusal to give them was not cause for reversal. Neither do we think that instructions numbered 2 and 3, given by the court of its own motion, were prejudicial to the appellant. The statement in No. 3 that the constitutional provision that the jury are the judges of the law as well as the facts means "that the jurors, under their oaths should honestly, justly and impartially judge the law *as it is found in the statutes* of our state, in each particular case," (our italics) was not accurate. The law of Indiana is not all found in the statutes, and we must look to the common law even for a complete definition of the crime of embezzlement, of which the appellant was convicted. But we do not think that this inaccuracy was such as to afford cause for reversing the judgment in this case.

It was not reversible error to give the instructions

numbered 4 and 11 asked by the state, though the statement that "a director of the Hamilton Trust Company was an officer thereof" related to a matter not in issue under the indictment. No good purpose would be served by setting out in this opinion the instructions above referred to.

At the request of the state the court also gave instructions to which exceptions were duly reserved, as hereinafter set out. Instruction No. 8, so given, was as follows: "If on or about the 4th day of January, 1915, the defendant was a director, agent or employe of said Hamilton Trust Company, and as such director, agent or employe had access to, control, or possession of the funds and money kept at its office and place of business in Hamilton County, State of Indiana, and by means of such access to, control of, or possession of said money the defendant did then and there draw the said draft of $2,700.00 with no expectation or cause to believe the same would be paid, but merely as a means of extracting from said company such sums of money to which he had access to or of which he had such control or possession and he did then and there take from said funds of said trust company the said sum of money as alleged in the indictment herein with the felonious intent of appropriating the same to his own use, and did with such intent so appropriate the same, such acts will constitute embezzlement, and if you find the facts assumed in this instruction have been proven to your satisfaction beyond a reasonable doubt, you should find the defendant guilty as charged in the second count of the indictment."

It will be observed that this instruction related to the effect of the defendant being and acting as a "di-

rector, agent or employe,'' using the words disjunc-
tively; in other words, if he was a director, and as
such director was in the position and did the acts as
stated, he should be found guilty, whether he was an
agent and, employe or not. And in the limitation
that he had access to, control, *or* possession of funds,
and by means thereof extracted a sum of money, the
words are again used disjunctively; in other words,
if as a director he had access to the money and took
it, he should be found guilty, whether he had control
and (or) possession, as alleged in the indictment, or
not. And this instruction wholly omits all reference
to the control and possession which he may have had
(if any) being ''by virtue of his said employment,''
which is a very essential element of the crime of em-
bezzlement as charged in the second count on which
the defendant was convicted. *Wright* v. *State* (1907),
168 Ind. 643, 81 N. E. 660; *Vinnedge* v. *State, supra;*
*Frost* v. *State, supra.*

The foregoing amounts to an instruction that, ''if
defendant was a director ,* * * of said Hamil-
ton Trust Company, and as such director * * *
had access to * * * the funds and money kept at
its office and place of business, at, etc., on, etc., and
by means of such access to * * * said money
the defendant did then and there * * * take
from said funds of said trust company, the said
sum of money * * * with the felonious intent
* * * and did with such intent so appropriate the
same, such acts will constitute embezzlement.'' That
is clearly not the law. If there were no more than
the facts stated, and appellant was guilty at all, his
offense would be larceny, of which, however, the jury
refused to convict him. *Smith* v. *State* (1867), 28

Ind. 321, 324, 326; *Jones* v. *State* (1877), 59 Ind. 229,. 234; *Colip* v. *State, supra; Vinnedge* v. *State, supra.*

The twelfth instruction given at the request of the state was as follows: ''No. 12. If the jury find from evidence beyond a reasonable doubt that the defendant was a director and also the president of said trust company from the time of its organization until on or about December 1, 1914, and that he continued as a director thereof until on or about the 23d day of January, 1915, and that he was active in the business management of the business affairs of said company, he would be presumed to have known during the time that he served as such director the financial condition of said trust company. He having had the means of knowing, he was presumed to know the amount and value of the paper and securities held by said company.''

As applied to a charge that defendant took ''$2,700 in money,'' and undisputed evidence that he ceased to be president of the corporation more than a month before the time of the alleged taking, and that substantially all of the ''paper and securities'' held by the trust company as ''cash items'' on the day of the alleged taking had come into its possession two days before (the previous Saturday), and passed out of its possession on the day of the alleged taking, this instruction would not have been pertinent, even if it had merely told the jury that they would have a right to infer what it declares is presumed. Moreover, this was a criminal case, in which all presumptions were in favor of the innocence of the defendant, except insofar as his guilt or facts tending to prove

his guilt were affirmatively established by the evidence. §2137 Burns 1914, Acts 1905 p. 584, §261; *Dorak* v. *State* (1915), 183 Ind. 622, 109 N. E. 771.

The fifteenth instruction given at the request of the state was as follows: "No. 15. A director of a loan, trust and safe deposit company such as said the Hamilton Trust Company was, is an officer of said company. In the act of the General Assembly of the state which was in force at the time of the alleged offenses charged in the indictment herein it was expressly provided that such corporation should not loan its funds, moneys, capital, trust funds or other property whatsoever to any director or employe thereof, nor should any such director, agent or employe become in any manner indebted to such corporation by means of an overdraft, promissory note, account, endorsement, guaranty or other contract whatsoever. It was, therefore, unlawful for the defendant, as a director thereof, at the time of drawing the draft in question to become in any manner indebted to said company in any of the ways forbidden and prohibited by said act as stated by this instruction."

Since the appellant was charged with being a "director, agent and employe," the pertinency of the instruction that "a director is an officer" is not apparent, but it does not appear that it was prejudicial to the appellant. But the remainder of the instruction assumes that the appellant did certain acts, and declares those acts to be unlawful, reciting the substance of a statute said to make them so, although appellant was not charged with doing those acts, nor with violating the statute referred to. It was error for the court, upon the trial of a defendant charged

with doing certain acts, in violation of §§2269, 2285 Burns 1914 (Acts 1905, ch. 169, pp. 584, 667, 671, §§377, 392), and thereby committing the crimes of larceny and embezzlement, to give an instruction that "it was unlawful for the defendant" to do certain other acts forbidden by other sections of the statute, but not charged in the indictment. In any case it would be error for the court, by the form of the instruction that "it was unlawful for the defendant" to do such acts, to imply that the defendant had done them, instead of submitting to the jury the question what he was shown by the evidence to have done. We are not to be understood as holding that even if the indictment had been drawn under §§2295, 2297 Burns 1914 (Acts 1905, ch. 169, pp. 584, 675, §§402, 404), this instruction would be otherwise correct. As to that we decide nothing. But upon the trial of charges of larceny and embezzlement it was clearly erroneous.

The eighteenth instruction given at the request of the state reads as follows: "No. 18: If at the time of the transaction in question Elmer L. Sturdevant was president of said trust company and Abraham L. Bowen, a brother of the defendant, was secretary thereof, and the defendant by means of said draft withdrew the sum of $2700.00 from the coffers of said company with the felonious intent of appropriating the same to his own use and did so appropriate the same, and the said Sturdevant and Abraham H. Bowen, or either of them, at the time knew of such acts on the part of defendant and connived at, or consented to the same to the knowledge of the defendant, then such connivance or consent would in no manner excuse the defendant, for such conduct on the part of said Sturdevant and Abraham H. Bowen

or either of them, would not bind the trust company of which they were officers and the interests of which they were bound to protect, nor would such consent on their part or on the part of either of them be the consent of the corporation so as to enable the defendant to say that he took the money with the consent of the owner.''

Whether or not this instruction might have been proper in a prosecution under some other section of the statute, upon a charge that the appellant negotiated a draft, and by that means withdrew a sum of money from the Hamilton Trust Company, and that he so acted with felonious intent, and in such a manner and under such circumstances that the money was lost to the owner, it is not necessary to consider and we do not decide. But it was clearly erroneous as applied to the issues presented by a plea of not guilty to this indictment, charging larceny in one count, and embezzlement by an agent in the other count. It necessarily conveyed to the jury the impression that the appellant, charged with stealing $2,700 ''in money'' and with embezzling $2,700 ''in money'' of which he had the control and possession ''by virtue of his employment,'' could be found guilty if ''by means of said draft he withdrew the sum of $2,700 from the coffers of said company,'' with felonious intent. But the law does not permit a defendant to be convicted of any other crime than the crime or crimes with which he is charged by the indictment on which he is tried.

The twenty-fourth instruction given at the request of the state was as follows: ''No. 24. If you and each of you are satisfied beyond a reasonable doubt that the defendant was a director, agent or employe

of the Hamilton Trust Company, and did on or about
the time alleged in the second count of the indictment
get possession of twenty-seven hundred dollars be-
longing to said The Hamilton Trust Company by
virtue of his office as director, and while being a di-
rector or agent or employe of said The Hamilton
Trust Company did feloniously embezzle, purloin or
secrete the same to his own use as charged in the
second count of the indictment, and if it is of the
value of twenty-five dollars, or more, you should find
him guilty as charged in the second count of the in-
dictment and find his age, leaving the sentence for
this court under the law."

In referring to the defendant being "a director,
agent *or* employe," the words are used disjunctively,
the reference is only to his having "got" pos-
session of $2,700 "by virtue of his office as
director," without mentioning his alleged po-
sition as an agent or employe, or his being put in
rightful possession as such agent or employe, and
nothing at all is said about the $2,700 being "in
money" as charged in the indictment. But the jury
is told that if they find that the defendant was a di-
rector of the company, and did "get possession of
$2,700 belonging to (said) company by virtue of his
office," and while he was either an agent or employe
of said company (or a director) purloined or secreted
the same to his own use, the jury "should find him
guilty as charged."

There are many defects in this instruction. But
it is sufficient now to point out that, in reciting the
facts on which the jury were told they "should find
him guilty," no mention was made of the $2,700 be-
ing "money" as alleged.

Appellant urges that the verdict is not sustained by sufficient evidence. There was evidence that the defendant was a director of the Hamilton Trust Company, of Noblesville, Indiana, and had formerly been its president, but that he ceased to be the president December 1, 1914, five weeks before the alleged offense was committed, though he continued to use a desk in the rooms of said company, and was there almost every day after he ceased to be president. There was no other evidence of his relation to the company, either as officer or employe. There was evidence that on January 4, 1915, appellant drew a draft on Charles F. Myers, the cashier of the Carmel Bank, at Carmel, Indiana, for $2,700, and procured the Hamilton Trust Company to cash it for him; that he received for it assets of the said company of some kind carried by it on its books as "cash;" that the said company on that day mailed the draft to the Indiana State Bank at Indianapolis for collection, but payment was refused because the drawee had no money on hand to meet it, though he owned real estate, and the draft was returned to the Hamilton Trust Company on January 9, 1915, and was by it thereafter carried in the cash drawer, and as a "cash item" on its books, until January 22, 1915, when the company failed, and its office was closed; that the diminution of cash in the company's possession on January 4, 1915, was $2,981.75, and that at the time the bank examiners closed the trust company appellant said to them and to others that he wanted to adjust the $2,700 item, and that he would give them a mortgage on his home covering that item to take it out. There was no direct evidence what appellant received or obtained from the Hamilton Trust Company for the

draft, whether money or something else, but it was only proved that the company's books showed there was on hand in the morning of said January 4, 1915, $5,724.58, of which $3,958.48 was actual cash, and $1,866.15 consisted of ''cash items,'' and that there was received that day by said company of savings deposits $245.40, of ''commercial deposits'' $2,306.95, of certificates of deposit $2,000, of drafts on banks $4,785.15, and of interest received $23.50, which brought the total cash for the day up to $15,090.58. And that all of this was withdrawn that same day but $2,800.92, of which balance only $934.77 was actual cash, and that of the withdrawals the largest items were ''commercial checks'' $2,845.80, miscellaneous checks to National City Bank $3,734.15, and to the Indiana State Bank $2,700, with other items, each less than $2,700, making up a total of $12,289.66 of withdrawals, and showing a reduction of $3,023.66 in the amount of cash on hand; but without any definite showing which of these items, if any, included the proceeds of the $2,700 draft drawn by the appellant, nor which items, if any, were paid ''in money,'' nor which with checks, notes, drafts, bank credits, and other commercial paper, nor whether any part of the actual cash withdrawn from the company that day was or was not withdrawn as savings deposits, demand and time deposits, interest, current expenses and small drafts, which together made up a total of $2,009.71 of the withdrawals in items each of which was less than $2,700. There was no evidence tending to show that there was any shortage in the company's accounts that day or that any funds were taken out of its coffers without giving it a note, check, draft, or other supposed equivalent, which was entered on

its books as part of its assets. Most of the evidence consisted of the books of the trust company, supplemented by the testimony of the bank examiners as to what they learned from entries in the trust company's books when the books were examined two or three weeks after the date of the alleged embezzlement, with proof of how the defendant acted and what he said, as above stated, when the doors of the company were closed.

There was no evidence that the appellant at any time had the physical possession and control of any assets of the Hamilton Trust Company, whether by virtue of being a director, agent, or employe, or otherwise. It is stated in the brief for the state, and the statement is not challenged by the appellant's reply brief, that the theory of the prosecution throughout the trial was that by means of the draft for $2,700 on Charles F. Myers the appellant obtained from the trust company the sum which he is alleged to have embezzled, and perhaps an inference to that effect might reasonably be drawn. But there was no evidence tending to prove that in negotiating his own draft the appellant did anything more than to execute it and negotiate its sale to the cashier and receive the proceeds in whatever form they were paid, like any other customer. There was no evidence even tending to show that the appellant handled any of the assets of the trust company until he so received them as paid to him in exchange for his draft.

Whatever offense, if any, this evidence may have tended to show appellant to be guilty of, it did not establish that he was employed by the Hamilton Trust Company, and that by virtue of such employment he had possession of $2,700

in money, which was the property of said company, and that while in such employment and holding possession thereof, he purloined, secreted and converted to his own use the $2,700 in money so held in such trust relation, whether with or without a felonious intent.

These facts were all alleged in the second count of the indictment, evidence of which, with proof of other facts, might sustain a conviction of the crime for which appellant was tried and found guilty.

17. But mere proof that appellant was a director, without showing that he was employed in any position or relation that gave him the possession and control of any money whatever belonging to the company, and that by means of a draft on somebody who failed to pay it he obtained credit in the amount of $2,700 and through the means of a draft or cashier's check for that amount issued to him he depleted the funds of the Hamilton Trust Company, falls short of proving the facts alleged in the indictment. As set out above, the second count, on which appellant was convicted, charged that "by virtue of his employment" he had "control and possession of $2,700 in money" and did "feloniously and fraudulently take, purloin, secrete and appropriate to his own use the money aforesaid," all of which are material averments, without proof of which appellant could not lawfully be convicted of the offense charged in said count.

The mere fact that appellant was a director was not sufficient to establish that his relation to the trust company and its money was such that he had "control and possession" of its money, even if he were proved to have taken "money." A

18.

director might hold an administrative office in his company, or have an employment with it which would give him control and possession of its money "by virtue of his employment." But the powers and duties of a director of a loan and trust company, as defined by statute, do not necessarily include any such control and possession as to impose upon him the kind of trust relation toward the company's money that is necessarily involved in the offense of embezzlement. §4949 Burns 1914, Acts 1907, ch. 83, p. 109.

The Constitution of the State of Indiana requires that an indictment shall state "the nature and cause of the accusation against" a person charged with crime, in order that he may make his defense. §58 Burns 1914; Ind. Constitution, Art. 1, §13; *Hinshaw v. State* (188 Ind. 147, 153), *supra*.

And, of course, the accused cannot lawfully be found guilty, except upon proof of the facts alleged.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.