Morgan *et al. v.* The State.

No. 14,349.

MORGAN ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Renting Rooms for Gaming Purposes.—Evidence.*—For evidence considered and held sufficient to sustain a conviction for renting a room to be used for gaming purposes, see opinion.

SAME.—*Statutory Sufficiency of Evidence of Offence.—Province of Jury.—Constitutional Law.*—Section 1815, R. S. 1881, prescribing what shall be sufficient evidence that a place was rented for the purpose of gaming, is not unconstitutional as being in derogation of the right of the jury to determine both the law and the facts in a criminal cause, and it is, therefore, proper to instruct the jury in accordance with the terms of that statute.

SAME.—*Instruction to Jury.—Omissions.*—Where an instruction is correct as far as it purports to go, it can not be treated as erroneous because it does not go further and include some other proposition. It is only by asking a special instruction covering the omitted matter that a question can be reserved upon a failure of the court to instruct the jury upon it.

SAME.—*Disagreement of Jury.—Instruction as to.*—It is not error for the court to fail to instruct the jury, on its own motion, upon a contingency so remote as that involving their right to find one defendant guilty and disagree as to another.

From the Clark Circuit Court.

*P. H. Jewett, A. G. Caruth* and *F. B. Burke,* for appellants.
*G. H. Voigt,* Prosecuting Attorney, for the State.

NIBLACK, J. — The appellants, Sylvester Morgan and Sarah Morgan, his wife, were indicted for a violation of one of the provisions of section 2079, R. S. 1881, in having, for a period of time covering several weeks of the latter part of the year 1886, rented a room in the city of Jeffersonville to be used and occupied for gaming.

A jury found the appellants guilty as charged, assessing a fine of one hundred dollars against Sylvester Morgan and of ten dollars against Sarah Morgan, and, over exceptions, a judgment was awarded accordingly.

The first question made here is that the verdict was not

sustained by sufficient evidence.   It was shown by the evidence that the room referred to in the indictment was a part of a building owned by Mrs. Morgan and kept and used by her and her husband as a hotel; that, in July, 1886, the appellants leased the room in question to one Price, ostensibly to be used as a storage-room and a sleeping apartment; that before the close of that summer Sylvester Morgan was notified that gambling was going on in the room, to which he gave no attention; that, during the months of November and December, 1886, a faro bank was kept in the room, and that the place was regularly used as a gaming-house; that, during the months named, the room had the reputation of being a place kept and used for gaming purposes; that a considerable number of persons were in the habit of visiting the room, and that a man usually stood at the door who admitted only such persons as were regarded as desirable visitors. Other facts and circumstances were testified to which tended to show that the appellants had good reason to believe that gaming was suffered to be carried on in the room.   *Graeter* v. *State*, 105 Ind. 271; *Pierce* v. *State*, 109 Ind. 535.   We would not, therefore, be justified in holding that the verdict was not sustained by sufficient evidence.

Questions are also made upon certain instructions given to the jury at the trial.

Section 1815, R. S. 1881, provides that " It shall be sufficient evidence that any building or other place was rented for the purpose of gaming, if such gaming was actually carried on, and the owner or lessor thereof knew or had good reason to believe that the lessee suffered any gaming therein, and such owner or lessor took no sufficient means to prevent or restrain the same."

The circuit court accordingly instructed the jury that if gaming was actually carried on in the room, and the appellants knew, or had good reason to believe, that their tenant suffered such gaming to be so carried on, and took no sufficient means to prevent or restrain the same, these facts con-

stituted sufficient evidence that the room had been rented to be used for gaming.

Counsel contend that the section of the statute above set out is inoperative and void in its application to a case like this, because it is in derogation of the constitutional right of the jury to determine both the law and the facts in a criminal cause.

We have no common law offences in this State. It is only such offences as are defined by some statute that are punishable as crimes or misdemeanors. As incident to the power of defining crimes and misdemeanors, and of declaring what shall constitute a criminal offence, our Legislature has always assumed to determine what shall, in certain cases, be deemed sufficient evidence of the commission of an offence, or of some criminal act necessary to be proven in a criminal prosecution, and this assumption has never, as we believe, been either questioned or antagonized by the courts. That body has so assumed to determine what shall be sufficient evidence in cases of rape, seduction, receiving stolen goods, obstructing highways, and in other cases which might be enumerated. There was, consequently, no error in giving the instruction to which we have referred.

The circuit court also instructed the jury that the appellants might have taken means to prevent or restrain their tenant from further using their room for gaming purposes, by causing certain particularly described legal proceedings to be taken against him, but concluded with the declaration that the court could not say that the appellants ought to have caused such proceedings to be instituted, because it was for the jury to determine whether the appellants had taken sufficient measures to exculpate themselves, within the meaning of the statute. We see no reason for holding that this instruction invaded the province of the jury, as is claimed, nor has any other material objection to the instruction been brought to our attention.

The court further told the jury that their verdict ought to

be separate as to each appellant; that in the event they found the appellants guilty, they might assess a greater fine against one than the other; that they might, if they thought the evidence so required, find one of. the appellants guilty and acquit the other.

The objection made to this instruction is, that it ought to have gone further and informed the jury that they might find one of the appellants guilty and disagree as to the other. This objection can not be sustained. In the first place, the instruction was substantially correct as far as it purported to go, and we have often held that an instruction correct in that respect can not be treated as erroneous because it did not go further and include some other kindred or pertinent legal proposition. It is only by asking a special instruction, covering the omitted legal proposition, that a question can, in such an event, be reserved upon a failure of the court to instruct on the omitted subject. Besides, it is not error for a court to fail, on its own motion, to instruct a jury on the subject of a contingency so remote as that which might incline them to find one defendant guilty of a criminal charge and to disagree as to the guilt of his co-defendant. *Betts* v. *State,* 93 Ind. 375.

The judgment is affirmed, with costs.

Filed Dec. 19, 1888; petition for a rehearing overruled Feb. 23, 1889.