## G. W. COOK v. STATE.

No. A-897.   Opinion Filed December 26, 1911.

1.   **INDICTMENT AND INFORMATION — Validity — Indorsing Names of Witnesses.** The act of Criminal Procedure requires that (sec. 6691 Snyder's Stat.): ''When an indictment is found, the names of the witnesses examined before the grand jury must be indorsed thereon before the same is presented to the court, but a failure to so indorse the said names shall not be sufficient reason for setting aside the indictment, if the county attorney or prosecuting officer will, within a reasonable time, to be fixed by the court, indorse the names of the witnesses for the prosecution on the indictment.'' Sec. 6738 provides: ''An indictment must be set aside by the court in which the defendant is arraigned, and upon his motion in either of the following cases: * * * * * 2. When the names of the witnesses examined before the grand jury are not made to appear on some part of the

indictment as provided in section 6691.'' **Held,** that the purpose of the aforesaid requirements of law is to inform the defendant of the names of the witnesses upon whose testimony the indictment is based, and the names of the witnesses that will be called to prove the allegations of the indictment, and the refusal of the court to require the prosecuting attorney to endorse the names of such witnesses upon the indictment before proceeding to trial constitutes reversible error.

2.    **INTOXICATING LIQUORS—Evidence—Freight Receipts.** Freight delivery receipts filed in the office of a railway station are not admissible in evidence on a trial for having possession of intoxicating liquors with the intention of violating provisions of the prohibition law, to show delivery to a drayman who signed the same, without calling as a witness the person who wrote the same, or the person who signed the same, to testify to their correctness; and the admission in evidence of such receipts without a proper foundation laid was in violation of the constitutional provision (sec. 20, Bill of Rights), that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him.

3.    **EVIDENCE — Documentary — Confrontation of Witnesses.** The provision of the Bill of Rights that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him, does not apply to proof of facts in their nature essentially documentary, and which can only be proved by the original or by a copy properly certified.

(Syllabus by the Court.)

*Appeal from Kay County Court; Claude Duval, Judge.*

G. W. Cook was convicted of a violation of the prohibition law, and appeals. Reversed.

*Herman S. Gurley,* for plaintiff in error.

DOYLE, J.    The plaintiff in error, G. W. Cook, was convicted upon an indictment returned in the district court and duly transferred to the county court of Kay county, which charged that he did have in his possession intoxicating liquor with the intention of violating provisions of the prohibition law by selling, bartering, giving away, and otherwise furnishing the same, and by transporting and otherwise conveying the same from one place within said Kay county to another place therein.

June 13, 1910, he was sentenced to serve a term of ninety days in the county jail, and to pay a fine of $500.

The first assignment of error is that the court erred in overruling the defendant's motion to set aside the indictment for the reason that the same was not found, indorsed, presented or filed as prescribed by law, in this to wit: That said defendant's name is G. W. and not G. M. Cook; that said indictment has not thereon indorsed the names of any witnesses examined before the grand jury.

The statute provides (sec. 6691, Snyder's Stat.) :

"When an indictment is found, the names of the witnesses examined before the grand jury must be indorsed thereon before the same is presented to the court, but a failure to so indorse the said names shall not be sufficient reason for setting aside the indictment if the county attorney or prosecuting officer will, within a reasonable time, to be fixed by the court, indorse the names of the witnesses for the prosecution on the indictment. The court or judge may, at any time, direct the names of additional witnesses for the prosecution to be indorsed on the indictment, and shall order that such names be furnished to the defendant or his counsel."

When the case was called for trial the defendant interposed an objection to proceeding to trial for the reason that the indictment was not indorsed as prescribed by the statutes.

The names of witnesses examined before the grand jury, if any, had not yet been indorsed upon the indictment, and the record shows the indictment is without any such indorsement. For this reason the objection was well taken and should have been sustained. A defendant is entitled to know the names of the witnesses that will be called to prove the allegations of an indictment against him.

The state introduced but one witness, A. C. Mitchell, agent of the Santa Fe Railway Company at Ponca City, who testified that he had with him the freight delivery receipts of the Santa Fe station at Ponca City for February 2, 1910, and produced an instrument which was marked plaintiff's exhibit "1", part "A", which reads as follows:

"Freight Delivery Receipt.    Ponca City, Okla., 2-2-10.

"Consignee S-O Nfy. G. W. Cook.    Freight Bill No. 91.

"Received from the Atchison, Topeka & Santa Fe Railway Company.

| "Way Bill | Car | From | Consignor. |
| Date | Number | Initials | Number | |
| 1-29 | 27041 | A. T. | 40929 Kan. City. | G. B. B. Co. |

"5 cs: Liquor, Wgt. 280, Rate 78, Freight 2.16.

"Received in good order K. S. Van Voorhees."

Also an instrument that was marked exhibit "1", part "B", which reads:

"Pls. deliver to Van Voorhees Tfr. Co. 5 cs. liquor there consigned to me.    G. W. Cook."

Witness then stated that the signature to part one was that of K. S. Van Voorhees, drayman, and the signature to part two was that of the defendant, G. W. Cook.

Another freight delivery receipt signed by the drayman, and order signed by the defendant, G. W. Cook, was also introduced in evidence and read to the jury.

Witness then testified that he did not have charge of the delivery of the shipments, that the cashier at the station attended to the delivery of the shipments and that he had no independent recollection of the transaction; that from the instruments introduced in evidence he would say that the shipments were delivered, in pursuance to the orders, that he had no personal knowledge what was in these shipments, and he did not make out the freight delivery receipts.

The court then permitted the state to introduce in evidence and read to the jury these exhibits over the defendant's objection: That the exhibits were not the best evidence; that they were secondary, hearsay and incompetent.

The freight delivery receipts and the orders to deliver to the drayman were the only documentary evidence introduced. The bills of lading of the shipments, way bills, or other station records were not introduced.

This was all the testimony introduced tending to show the

defendant's possession of intoxicating liquors; the drayman was not called as a witness.

The defendant demurred to the evidence on the ground that said evidence is insufficient to establish the commission of any public offense, and requested the court to advise the jury to acquit the defendant.

The demurrer was overruled and the motion denied. Thereupon the defendant announced that he declined to offer any evidence, and requested a peremptory instruction as follows:

"The court instructs the jury to return a verdict in this case finding the defendant not guilty of the offense charged. Refused, and excepted to by the defendant. Claude Duval, Judge."

The general question presented is: Was the evidence sufficient to authorize a submission of the case to the jury? In order to sustain the charge of having possession of intoxicating liquors with the intention of violating provisions of the prohibition law, the state is bound to prove the defendant's possession of such liquors.

The only evidence of possession was the exhibits introduced, and we think that the freight delivery receipts were mere hearsay, and incompetent; that under any rule of admissibility no proper foundation had been laid sufficient to make these exhibits competent evidence. How far papers, not evidence *per se,* but proven to have been true statements of facts at the time they were made, are admissible in connection with the testimony of a witness who made them, has been a frequent subject of judicial inquiry, and the question has been given widely different answers by the courts. We think that if the witness for the state had made out the freight delivery receipts at the time the delivery was made, and testified that he knew their contents, and that they were correct when made, his testimony and the exhibits would both be competent evidence, even though the witness could not testify to the facts as a matter of independent recollection, after refreshing his memory by an examination of the exhibits. *State v. Shinborn,* 46 N. H. 497, 88 Am. Dec. 224. However, as the witness does not claim that he wrote the freight delivery receipts, or that they

6 Cr.—16

were written under his supervision; and as he stated that he had no independent recollection or personal knowledge of the shipments mentioned therein, it must be conceded that these exhibits are mere *ex parte* statements made, or caused to be made, by some person other than the witness who produced them, and who could only identify the signatures thereto. It is important to note the fact that the drayman was not called as a witness. On the admitted facts, the admission of the freight delivery receipts was in violation of the constitutional provision (sec. 20, Bill of Rights), that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. And while we have held that this provision of the Bill of Rights does not apply to the proof of facts in their nature essentially documentary, and which can only be proved by the original, or by a copy properly certified, that is not this case. Undoubtedly the court erred in admitting in evidence the freight delivery receipts signed by the drayman, Van Voorhees.

In allowing the freight delivery receipts so signed to be read in evidence, the defendant was deprived of his constitutional right to be confronted with the witnesses against him. There being no competent evidence tending to prove the defendant's possession of intoxicating liquors, the court erred in refusing to direct a verdict of acquittal. The judgment must therefore be reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.