## NG CHOY FONG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1917.)

No. 2864.

1. CONSTITUTIONAL LAW &⚖266—POISONS &⚖2—DUE PROCESS—PRESUMPTION OF INNOCENCE.

Act Cong. Feb. 9, 1909, c. 100, 35 Stat. 614, as amended by Act Jan. 17, 1914, c. 9, 38 Stat. 275, providing in section 2 (Comp. St. 1916, § 8801) that, if any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any opium, or derivative thereof, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation or concealment of, such opium, knowing the same to have been imported contrary to law, shall be punished, and that whenever, on trial for a violation, the defendant is shown to have had possession of such opium, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury, and in section 3 (Comp. St. 1916, § 8801a) that on or after July 1, 1913, all smoking opium or opium prepared for smoking found in the United States shall be presumed to have been imported after the 1st day of April, 1909, on which date the importation of opium, save for medicinal purposes, etc., was forbidden, and that the burden of proof shall be on the accused to rebut the presumption, is not invalid, as violating Const. Amend. 5, declaring that no person shall be compelled in any criminal case to be a witness against himself, for the statute did not do away with the presumption of innocence, or require accused to take the stand, but merely declared a rule of evidence; the presumption declared not rebutting the inference of innocence.

2. CRIMINAL LAW &⚖789(4)—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.

In a prosecution for violating Act Cong. Feb. 9, 1909, c. 100, as amended by Act Jan. 17, 1914, c. 9, §§ 2, 3, by concealing and facilitating the transportation and concealment of opium, where the court charged that accused was presumed to be innocent, and that such presumption continued to operate in her favor until overcome by evidence establishing her guilt beyond a reasonable doubt, but that such presumption should be considered with the statute declaring that possession of opium should be deemed to make out a prima facie case, etc., the instructions were not misleading, and could not have led the jury to believe that accused should be convicted without proof of guilt beyond a reasonable doubt.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Ng Choy Fong was convicted of violating Act Cong. Feb. 9, 1909, c. 100, as amended by Act Jan. 17, 1914, c. 9, by having concealed and facilitated the transportation and concealment of opium prepared for smoking purposes, and which she knew was imported into the United States contrary to law, and she brings error. Affirmed.

George J. Hatfield, of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., and M. A. Thomas, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Plaintiff in error, a Chinese woman, was convicted of violation of the act of Congress of February 9, 1909, as

&⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amended January 17, 1914, in having on August 12, 1915, concealed and facilitated the transportation and concealment of 660 five-tael cans of opium prepared for smoking purposes, which she well knew had been imported into the United States contrary to law. Under the writ of error she assails the constitutionality of the portions of sections 2 and 3 of the act of February 9, 1909, which provide that on and after July 1, 1913, all smoking opium found within the United States shall be presumed to have been imported after April 1, 1909, and that possession of such opium shall be deemed sufficient evidence to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury. We quote the material parts of the sections:

"That after the first day of April, nineteen hundred and nine, it shall be unlawful to import into the United States opium in any form or any preparation or derivative thereof: Provided," etc.

Sec. 2: "That if any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any opium or any preparation or derivative thereof contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such opium or preparation or derivative thereof after importation, knowing the same to have been imported contrary to law, such opium or preparation or derivative thereof shall be forfeited and shall be destroyed, and the offender shall be" punished, as provided. "Whenever, on trial for a violation of this section, the defendant is shown to have, or to have had possession of such opium or preparation or derivative thereof, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury."

Sec. 3: "That on and after July first, nineteen hundred and thirteen, all smoking opium or opium prepared for smoking found within the United States shall be presumed to have been imported after the first day of April, nineteen hundred and nine, and the burden of proof shall be on the claimant or the accused to rebut such presumption."

[1] The position taken is that the provisions referred to are in conflict with article 5 of the Amendments to the Constitution, in that they take away from a defendant the protection of the presumption of innocence, and that they "tend to compel the defendant to take the witness stand," whether or not she wishes to, at the peril of being convicted of a crime not proved against her. The question is presented by objection to the following instructions given by the lower court to the jury:

"These provisions are made a part of the law because of the difficulty of proving guilty knowledge, and render it necessary only that the government prove that the defendants had, after July 1, 1913, smoking opium in their possession, when the presumption at once arises that it had been imported after April 1, 1909, and such possession imputes to the defendants a guilty knowledge sufficient to warrant a conviction unless the defendants shall explain such possession to your satisfaction. If, therefore, you are satisfied from the evidence beyond a reasonable doubt that defendants did have possession of this opium, and that it was smoking opium, then such possession will be sufficient to warrant a conviction, unless the defendants have explained such possession to your satisfaction."

Examination of section 1 of the act above quoted (Comp. St. 1916, § 8800) shows that it is a general prohibition against importing opium after April 1, 1909, except for use in certain purposes not here relevant. Section 2 is a declaration that it is unlawful for any person to

conceal or facilitate the concealment of opium which has been unlawfully imported, knowing it has been imported contrary to law. These are the substantive commands of the law with relation to the opium. But, in order to make the law as effective as might be, Congress, in its wisdom, meant to facilitate the practical administration of the statute by establishing these rules: (1) That if, upon trial, a person is shown to have had opium illegally imported in his possession, such possession shall be deemed enough evidence to authorize conviction unless such possessor shall explain the possession to the satisfaction of the jury. (2) That after July 1, 1913, all opium found shall be presumed to have been imported since April 1, 1909, and the accused must take it upon himself to rebut this presumption.

There can be no doubt of the general power and authority of Congress to create a rule changing the burden of proceeding in a criminal case, by providing that upon the production of certain facts it shall rest upon the defendant, and also to establish a rule of evidence making proof of one fact prima facie evidence of another related thereto. We must, of course, keep it in mind that the statute under examination has not attempted to make a rule that any inference or presumption of fact shall be conclusive at law. Wigmore on Evidence, § 1354. The statute has laid down a rule, not of substantive law at all, but merely of evidence. It does not in any way conclusively shut out all evidence from defendant; it has declared that, a prima facie case being made, the duty of producing evidence to avoid the effect of such prima facie case is upon the defendant. The great weight of authority confirms our belief that such a law is in no way in excess of power. Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606; Morgan v. State, 117 Ind. 569, 19 N. E. 154; Voght v. State, 124 Ind. 358, 24 N. E. 680; Com. v. Smith, 166 Mass. 370, 44 N. E. 503; Board v. Merchant, 103 N. Y. 143, 8 N. E. 484, 57 Am. St. Rep. 705; People v. Cannon, 139 N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668; State v. Higgins, 13 R. I. 330, 43 Am. Rep. 26 note.

[2] The court in its instructions expressly told the jury that defendant was presumed to be innocent, and that such presumption continued to operate in defendant's favor until it was overcome by evidence establishing guilt beyond a reasonable doubt, but that the presumption of innocence must be considered in connection with the statutory inferences read to the jury, and that the prosecution must establish every element of the crime charged beyond a reasonable doubt. These several instructions made no conflict with respect to the inferences from the evidence in the case. The jury, in effect, were told that the possession of the opium, if a fact, was enough to authorize conviction, unless the defendant went forward with evidence which accounted for such possession; and again, that the inference or presumption to be drawn was that the opium found was imported after a certain date unless the defendant went forward and overcame such inference. Thus, the duty of production of evidence could not have been misunderstood, while upon the whole case it was for the prosecution to establish guilt beyond a reasonable doubt. Wilson v. U. S., 162 U. S. 613, 16 Sup. Ct. 895, 40 L. Ed. 1090; Agnew v. U. S., 165 U. S. 36, 17 Sup. Ct.

235, 41 L. Ed. 624; Dunlop v. U. S., 165 U. S. 486, 502, 17 Sup. Ct. 375, 41 L. Ed. 799; Greenleaf on Evidence (16th Ed.) §§ 32, 33, 34.

The position of defendant at the close of the evidence for the prosecution was like that of any other defendant against whom a prima facie case is made. She could elect whether or not she would proceed, or stand upon her plea as against the evidence of the government. She chose to proceed; and, having failed to satisfy us that the verdict of guilty is violative of any of her rights, she must abide the result of the trial.

The judgment is affirmed.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

