THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH VAMMAR, Plaintiff in Error.

*Opinion filed February 18, 1926.*

1. CRIMINAL LAW—*when evidence of other forgeries is admissible.* Evidence of other forgeries is not admissible and cannot be considered for the purpose of establishing the act of forging or uttering the instrument charged in the indictment to have been forged or uttered, but where the fact of the false making or uttering of a forged instrument has been shown, evidence of collateral forgeries and the uttering or attempting to utter forged instruments of like description is admissible to show the intent with which the false making was done or the guilty knowledge of the defendant in uttering the instrument named in the indictment.

2. SAME—*what is necessary to admission of entries made in the course of business.* Where the party who makes entries in the due course of business is living and sane and is not permanently out of the State, such entries must be proved by him to have been so made and that they are correct and true entries before they can

be admitted in evidence, as between third parties, as proof of the facts therein stated; and in a prosecution for forgery the records of a bank are not admissible merely on the testimony of the vice-president that they were made in the usual course of the bank's business, said officer further testifying that he did not know when nor by whom the exhibits were made and had no personal knowledge of the facts stated therein.

3. SAME—*what is not sufficient to prove uttering of forged instrument.* Making a forged instrument and passing it as true and genuine knowing the same to be forged are two separate and distinct felonies, and to warrant a conviction under the charge of uttering or passing a forged check it is not sufficient to prove merely that the check was forged, but it must also be proved, beyond a reasonable doubt, that the defendant, knowing the check to be a forgery, passed the same with intent to prejudice, damage and defraud the party whose name was forged.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM V. BROTHERS, Judge, presiding.

EDWARD A. PRINDIVILLE, and JOHN E. FOSTER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the criminal court of Cook county a jury found plaintiff in error, Joseph Vammar, alias E. C. Walcher, guilty of the crime of forgery, and he was sentenced to the penitentiary upon an indictment charging him with feloniously, fraudulently and falsely passing as true and genuine a certain false, forged and counterfeit check and order for the payment of money, drawn upon the Central Trust Company and dated October 10, 1923, for the sum of $1250, payable to the order of E. C. Walcher and signed "Isaac Stein by Jack Stein," knowing the same to be false, forged and counterfeited, with intent to prejudice, damage and defraud

Isaac Stein. The record is now before this court for review upon writ of error.

Upon the trial evidence was introduced by the State tending to show that at the time he was arrested plaintiff in error was attempting to pass another forged check upon the Central Trust Company, and it is contended by plaintiff in error that the admission of this evidence was error. In prosecutions for forgery and for uttering forged paper as true and genuine, it is well established that evidence is admissible that the defendant had about the same time in his possession, or uttered or attempted to utter, other forged instruments of the same description, as tending to prove guilty intent and knowledge in the making or uttering of the particular instrument charged to have been forged or uttered. The evidence of other forgeries is not admissible and cannot be considered for the purpose of establishing the act of forging or uttering the instrument charged in the indictment to have been forged or uttered, but where the fact of the false making or uttering a forged instrument has been shown, evidence of collateral forgeries and uttering of forged instruments of like description is admissible, as tending to show the intent with which the false making was done or the guilty knowledge of the defendant in uttering the instrument named in the indictment. *Anson* v. *People,* 148 Ill. 494; *People* v. *Daugherty,* 266 id. 420.

It is claimed by the State that plaintiff in error passed the check in question at the Reliance State Bank on October 10, 1923. No person connected with the bank having any knowledge upon the subject was called as a witness to testify to that fact and no witness having any personal knowledge upon the subject testified to such fact. R. L. Coppersmith, a witness for the State, who in October, 1923, was vice-president of the Reliance State Bank, testified that on October 8, 1923, he saw plaintiff in error in the bank, at which time plaintiff in error opened a checking account in the bank, depositing $375 in cash and signing his name

320—19

to a signature card which was introduced in evidence; that about the 10th of October, 1923, he again saw plaintiff in error at the bank, at which time he had a conversation with him about a check for about $1100 and identified him to the paying teller of the bank, who cashed the $1100 check for plaintiff in error. Although admitting that he had no personal knowledge on the subject but was basing his testimony on the records of the bank and the usual course of business of the bank and his knowledge of plaintiff in error's handwriting from having seen him sign his name on the one occasion, this witness was allowed to testify, over plaintiff in error's objection, that on the 9th of October plaintiff in error deposited $800 in the Reliance State Bank, and that on October 10, 1923, he deposited two checks, one for $1250 and one for $1600, and that the same were credited on the books of the bank to his account, the check for $1250 being the check described in the indictment; that the check for $1600, which was drawn upon the Savings Trust Company of St. Louis, Missouri, payable to the order of E. C. Walcher and purporting to be signed by B. S. Radcliffe, was sent by the Reliance State Bank for collection; that this check was dishonored by the Savings Trust Company and was returned to the Reliance State Bank by the Cedar Rapids National Bank as having been dishonored. On the face of this check appeared the following:

"Protested for non-payment at the city of St. Louis, Mo., this 15th day of October, 1923.     E. C. CHIMAN, *Notary Public.*
Fee $3.25."

Attached to the check was a protest slip, as follows: "Return by 4-23 through the Federal Reserve Bank of St. Louis.—Account closed." This check, with the notations thereon, was admitted in evidence over plaintiff in error's objection. On the face of the $1250 check appeared the following perforation: "Paid 10-11-23." On the back of the check appeared the following endorsements: "E. C. Walcher. Paid through Chicago Clearing House, 38, Octo-

ber 11, 1923, to the Reliance State Bank." Although Coppersmith admitted he had no personal knowledge upon the subject, he was permitted to testify, over plaintiff in error's objection, that the Reliance State Bank sent the $1250 check to the clearing house on October 10; that the check was a good forgery and was paid by the Central Trust Company; that thereafter the Reliance State Bank gave the Central Trust Company a check for $1246.20 in lieu of the $1250 check on October 20. The deposit slips, checks and their endorsements, and an exhibit purporting to be a statement of plaintiff in error's account with the Reliance State Bank, were admitted in evidence over plaintiff in error's objection, as were also the following exhibits:

People's exhibit No. 10:

"Chicago, Ill., Oct. 20, 1923. Reliance State Bank Memorandum Check. For E. C. for Bal. $1246.25 Twelve Hundred forty-six dollars. Charge E. C. Walcher. By K."

On the back of the above appears the following perforation: "Paid 10-20-23—2.114."

People's exhibit No. 11:

"Memo of Reliance State Bank, 10-18, 1923. Debit E. C. Walcher. Check of B. S. Radcliffe, $1600.00. Drawn on 4-73, 3.25. Endorsed by you. Returned for N. S. F. Date dep. 1,603.25. By you ........ dollars. P."

On the face of the above sheet appears the following perforation: "Paid 10-13-23. 2.114."

People's exhibit No. 12:

"Chicago, Ill., 10-13-23. Reliance State Bank Memorandum Check. For Telegram charges from Cedar Rapids, In Re 1,600 Ck. Returned, .55. Charge E. C. Walcher. By Sr."

On the face of the above appears the following perforation: "Paid 10-13-23. 2.114."

While Coppersmith testified that these exhibits were records of the bank made in the usual course of the bank's business, made at the time of the transaction, he admitted that he did not know by whom these exhibits were made nor when they were made and had no personal knowledge

with reference to their making or the facts stated in the exhibits. No other witness connected with the bank was called to testify upon the subject. Plaintiff in error testified as a witness and denied positively that he had ever been in the Reliance State Bank; that he had ever seen the checks in question; that he had not signed the signature card or made out the deposit slips; that he had not signed the name "E. C. Walcher" upon any of the exhibits and denied all knowledge as to any of the transactions with the Reliance State Bank. About twenty witnesses testified as to his good reputation prior to his arrest.

It is contended by plaintiff in error that the court erred in admitting Coppersmith's testimony with reference to the $1250 and the $1600 checks, the notations on these checks, the exhibits showing the statement of plaintiff in error's account with the Reliance State Bank, and exhibits 10, 11 and 12. Where the party who makes entries in the due course of business is living and sane and is not permanently out of the State, such entries must be proved by him to have been so made and that they are correct and true entries before they can be admitted in evidence, as between third parties, as proof of the facts therein stated. (2 Jones on Evidence, secs. 319, 320; *People* v. *Geister,* 289 Ill. 249.) By section 9 of article 2 of the constitution of 1870 it is provided that in all criminal prosecutions the accused shall have the right to meet the witnesses face to face. While each of these bank exhibits had on its face a notation by which the person who made it could be identified, no evidence was offered to show in whose handwriting the exhibits were, by whom they were made or any attempt made to explain the non-production of the person making them. The admission of this evidence was improper and very prejudicial to plaintiff in error.

While Coppersmith, basing his testimony on having seen plaintiff in error sign his name to the signature card, testified that the name "E. C. Walcher" endorsed on the $1250

check in question was in the handwriting of plaintiff in error, this, together with proof that the signature "Isaac Stein by Jack Stein" was a forgery, would not be sufficient to prove plaintiff in error guilty of the charge of which he was convicted. Making a forged instrument, and passing such instrument as true and genuine knowing the same to be forged, are two separate and distinct felonies, (*Parker* v. *People*, 97 Ill. 32,) and proof of the one felony is not sufficient to warrant a conviction for the other. To warrant a conviction under the indictment in the present case it was necessary that the prosecution should prove by competent evidence, beyond a reasonable doubt, not only that the check in question was forged, but that plaintiff in error, knowing the same to be forged, passed the same with intent to prejudice, damage and defraud Isaac Stein.

When plaintiff in error was searched after his arrest a storage check for a Ford car was found in his pocket in the name of Joe Ackerman, and testimony as to this storage check was admitted in evidence, as was also an admission by plaintiff in error that the Ford car belonged to him. This evidence had no legitimate bearing upon the question of plaintiff in error's guilt of the crime with which he was charged in the indictment and its admission in evidence was prejudicial error.

Plaintiff in error prior to his arrest in this case had never been arrested for any offense. The evidence tended to show that his reputation for honesty was good. He denied positively any connection whatever with the forged instrument. The evidence of his guilt was not of that clear and conclusive character of which the nature of the case was susceptible. He was entitled to have the question of his guilt or innocence tried by a jury fairly and impartially upon competent evidence. Much incompetent evidence was admitted, and the judgment of the criminal court must therefore be reversed and the cause remanded to that court.

*Reversed and remanded.*