GILLIAN *v.* STATE OF INDIANA.

[No. 26,218.   Filed February 26, 1935.]

662

*Walter D. Stump, Ralph W. Probst,* and *Howard W. Mountz,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for appellee.

HUGHES, J.—This is a prosecution by affidavit against the appellant in the Noble circuit court upon a charge of banker's embezzlement under section 2479, Burns, 1926, section 10-1714, Burns 1933, section 2476, Baldwin's 1934. The appellant was tried by a jury and found guilty and sentenced to the Indiana State Prison.

The appellant assigns several errors for reversal as follows:

(1) The court erred in overruling the appellant's motion to quash the affidavit.

(2) The court erred in sustaining the demurrer of the State to appellant's plea in abatement.

(3) The court erred in overruling the appellant's motion for a new trial.

In the motion to quash, it was contended: first, by the appellant, that the affidavit was insufficient in that the statute defining banker's embezzlement does not

include within its terms officers of a loan, trust, and safe deposit company; two, that it did not charge that the depositor, who made the deposit upon which the affidavit was founded, was not then and there indebted to the Noble County Bank and Trust Company; three, that the affidavit was not properly verified, the verification by the prosecuting attorney, who was required, as a judicial officer of the court, to approve it, was unauthorized and it was not a valid or sufficient affidavit; four, the offense was not charged with sufficient certainty.

The first reason assigned in the motion to quash has been passed upon by this court adversely to the appellant in the case of *Green* v. *State* (1933), 204 Ind. 349, 184 N. E. 183, and we adhere to the opinion rendered in that case. As to the second reason assigned, we think the affidavit was sufficient. It was alleged in the affidavit that the "Noble County Bank and Trust Company," was a loan and trust and safe deposit company, incorporated under the laws of the State of Indiana. This corporate name was used throughout the affidavit, except when it was charged that the appellant did "unlawfully receive and take from one Herman E. Hanes, who was not then and there indebted to said *bank* the sum of $25.00 in lawful and current monies of the United States, as a deposit within said, the Noble County Bank and Trust Company." We think the allegation is sufficient and certain and not open to the objection raised by appellant.

The affidavit was signed by Benton E. Gates, and the affidavit was endorsed as follows: "Approved by me Benton E. Gates, Prosecuting Attorney." The appellant filed a plea in abatement, setting up as a defense in abatement that the affidavit was signed by the prosecuting attorney only and that such affidavit was not sufficient for the reason that the prosecuting attorney, as a judicial officer of the court,

was required to approve affidavits upon which criminal charges are presented and that he could not appear in the dual capacity as prosecuting witness and prosecuting attorney. A demurrer to the plea in abatement was sustained and then appellant filed a motion to quash the affidavit for the reason it did not state facts sufficient to constitute an offense. This motion was also overruled.

Section 2150, Burns 1926, §9-908, Burns 1933, §2131, Baldwin's 1934, provides that:

> "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit, filed in term-time, in all cases except when the grand jury is in session or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit."

And Section 2151, Burns 1926, §9-909, Burns 1933, §2132, Baldwin's 1934, provides:

> "When such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney . . ."

It will be seen that the above sections are silent as to a requirement that any particular person or party should sign the affidavit. If it were not for the provision that the prosecuting attorney is required to approve the affidavit and endorse thereon "approved by me," we do not think it could be seriously contended that the prosecuting attorney would not be qualified to sign an affidavit. Does the fact that the prosecutor is required to approve the affidavit disqualify him from signing it? While we do not approve the practice and think it should be condemned, we can not say that it can not legally be done and we know of no law to prevent it. We think, however, from the standpoint of public policy, that if a disinterested party will not sign the affidavit, then the evidence should ordinarily be presented to the grand jury for its consideration

and thereby leaving the prosecutor's office clear of any charge that might be made of any personal interest in the result of the prosecution.

In the case of *People* v. *Currie* (1911), 16 Cal. App. 731, the facts are very similar to the present case and the court said:

"There is nothing in the statute which disqualifies the district attorney from swearing to the complaint. The statute does not prescribe who shall make oath to the complaint. The argument that the defendant could not have and did not have a fair trial because of the fact that the district attorney made the complaint and afterward conducted the trial is without merit. His having made the complaint before the magistrate would not indicate necessarily any greater zeal or interest in the case than the subsequent filing of the information. The fairness of the trial is to be judged by what took place at the trial."

We do not think the court committed error in sustaining the demurrer to the plea in abatement, nor in overruling the motion to quash the affidavit.

Many reasons are assigned in appellant's motion for a new trial. We will not consider all of the reasons in disposing of the motion. The judgment must be reversed, for certain reasons hereafter stated, and many of the objections raised in the motion for a new trial are not likely to arise again in another trial of the case.

The appellant contends that the court erred in admitting in evidence, State's Exhibits 44, 45, 46, 48, and 52. These exhibits were the records of the proceedings of the Noble County Bank during the years 1925, 1926, and 1928. It appears from the brief of appellant and the objection raised to the admission of the exhibits that the Noble County Bank and Trust Company succeeded to the business which had formerly been conducted by the Noble County Bank. There is no evidence before us on this propo-

sition, but assuming it to be true as stated in appellant's brief, we see no objection to the admission of said exhibits. The jury was entitled to know the facts as shown in the exhibits. Nor do we think the court committed error in admitting in evidence State's Exhibit 71. This exhibit was a record of the minutes of ten meetings of the board of directors of the National Trading Company which was a debtor of the Noble County Bank and Trust Company. The evidence is not before us, but we assume that the exhibit was introduced to show the value of the credits extended to the National Trading Company. As far as we are advised from the record and brief of appellant, we think the court did not commit error in admitting State's Exhibit 215. This exhibit was a judgment, and proceedings connected therewith, obtained in a municipal court in the State of New York. It was evidently introduced for the purpose of proving the value of certain property in which the Noble County Bank and Trust Company had an interest. For this purpose it was admissible.

Exhibit 227 was properly admitted. This exhibit was the discharge in bankruptcy of George B. Rimmel, a large debtor of the Noble County Bank and Trust Company. The discharge was for all debts existing on April 12, 1930.

Appellant also contends that error was committed in permitting Vermont Finley, a witness, to express his opinion of certain assets of the Company. He was asked—Do you know what the value of those securities, Crosstown Reality Company Bonds, were on the 10th day of January, 1931? His answer was—Yes Sir. Then he was asked—What was their value? Answer—nothing, no value. Whether or not this was all the evidence given we are not informed. As far as the questions here before us, we only have

the positive statement of the witness that he knew the value of the bonds. The objection goes more to the weight of the evidence than its competency and we can not say it was harmful to appellant.

Appellant further contends that State's Exhibits 53 and 57 were improperly admitted and harmful to the appellant. With this contention we agree. Exhibit 53, was a complaint or application by the State of Indiana on the relation of Luther F. Symons, bank commissioner, against the Noble County Bank and Trust Company for the appointment of a receiver for said bank and trust company, alleging insolvency. Exhibit 57 was the order and judgment of the Noble Circuit Court finding that said Noble County Bank and Trust Company was insolvent. The application for the appointment of a receiver was filed January 16, 1931.

In the case of *Green* v. *State, supra,* the same identical question was presented and considered as involved in the admission of Exhibits 53 and 57 in the instant case. It was there ·held that the admission of such evidence was erroneous and harmful. The question is fully discussed and considered in the Green case, and we do not think it necessary to again restate the law relative to such questions, but upon authority of said case we hold that the court committed error in the admission of said exhibits, and, if for no other reason, the judgment in the instant case must be reversed.

The appellant tendered instruction No. 18 which was refused. Said instruction is as follows:

"Instruction No. 18

A petition of Luther F. Symons, as *Bank Commissioner of Indiana* v. *Noble County Bank and Trust Company,* together with the published notice of the filing of such petition and the final judgment of the Noble Circuit Court of Indiana rendered in the said proceeding wherein

it was adjudged by said court that said company was insolvent, and wherein Vermont Finley was appointed receiver of said company, has been introduced in evidence in this cause by the state. I now instruct you that you have no right whatever to consider such petition or the notice thereof or the said judgment of said court therein, for the purpose of determining whether or not said Noble County Bank and Trust Company was insolvent on January 10th, 1931. Such evidence was introduced solely for the purpose of showing that the Noble County Bank and Trust Company suspended business within thirty days after January 10th, 1931, and for no other purpose whatever. I, therefore, charge you that it is your duty to determine the issue of whether or not said company was solvent on January 10th, 1931, without taking into consideration in any way whatever such evidence, and unless the insolvency of said Noble County Bank and Trust Company on January 10th, 1931, has been established by other evidence beyond a reasonable doubt, then it is your duty to acquit the defendant in this case."

No instruction covering this proposition was given. It was a proper instruction under the authority of the case of *Green* v. *State, supra,* and should have been given. Error was committed in refusing to give the same.

It is contended by appellant·that instruction No. 1, given by the court is erroneous. Said instruction is as follows:

"Instruction No. 1.

The affidavit, among other things, charges that the deposit made by Herman E. Hanes was lost to him. The court instructs you that the law does not require that it be established that all of $25 will be totally lost to such depositor before there could be a conviction of the defendant; such sum would be lost to the depositor within the meaning of the statute read to you as a part of these instructions if any part of such sum is totally lost to him, *or if for any period of time,* because of the suspension from business by said Noble County Bank and Trust Company the said

Herman E. Hanes was deprived of his right to draw his checks on said deposit for the amount thereof or any part thereof, and to have such checks honored and paid by said trust company on demand."

It is to be noted that this instruction says, ". . . *or if for any period of time,* because of the suspension from business by said Noble County Bank and Trust Company the said Herman E. Hanes was deprived of his right to draw his check on said deposit for the amount thereof, or any part thereof, and to have such checks honored and paid by said trust company on demand." We think this instruction is directly in conflict with the case of *Smith* v. *State* (1932), 203 Ind. 561, 181 N. E. 519. The rule there laid down is as follows:

"We think the better rule to be that a bank is solvent if the fair cash value of all the assets of the bank, on the particular day in question, realizable within a reasonable time, by reasonably prudent persons, would be equal to or be in excess of the total liabilities of the bank, exclusive of stock liability; but, if the fair cash value of its assets, realizable as above stated and in the manner above stated, is not sufficient to pay within a reasonable time all of its liabilities exclusive of stock liability, such a bank would be insolvent."

We approve the above rule of law and therefore instruction No. 1 as above set out is erroneous, being too narrow and limited in its application.

Complaint is also made in the giving of instruction No. 2 by the court. Among other things, this instruction stated that:

"If you find that such Noble County Bank and Trust Company involuntarily closed its doors and suspended its business, within thirty days from the time such deposit was received, then such failure and suspension of business is prima facie evidence that such taking of such deposit was fraudulent, felonious and unlawful,

and this presumption would warrant your finding that the taking of such deposit was fraudulent."

The latter part of section 2479, Burns 1926, section 10-1714, Burns 1933, and section 2476, Baldwin's 1934, provides:

"The failure, suspension or involuntary liquidation of such banker, broker, person or persons, firm, banking company or incorporated bank, within thirty days after the time of receiving such deposit, shall be prima facie evidence of an intent to defraud on the part of such banker, broker, firm, person, baking company or incorporated bank or officer, agent or employee of such banking company, firm or incorporated bank."

It is clearly seen that the instruction went far beyond the provision of the statute as above set out. It, in effect, told the jury that if the bank and trust company closed its doors within thirty days after receiving the deposit that the suspension would not only be prima facie evidence of an intent to defraud, but that such taking was fraudulent, felonious and unlawful, and, furthermore, that there would be a presumption which would warrant the finding that the taking of the deposit was fraudulent, felonious, and unlawful. This instruction entirely ignores the question of solvency or insolvency of the bank and trust company. The fact that the suspension within thirty days after receiving the deposit is prima facie evidence, under the statute, of an intent to defraud does not amount to a presumption, which would warrant a finding, that the taking of the deposit was fraudulent, felonious, and unlawful. Under the instruction, as given, regardless of what other evidence there might be, if the suspension of the bank was within thirty days after receiving the deposit a defendant would be guilty. This is not a true statement of the law. If at the time the deposit was received the bank and trust company was not in fact

insolvent, the defendant would not be guilty although there was a suspension within thirty days.

Furthermore, it has been held by this court in the case of *Powers* v. *State* (1933), 204 Ind. 472, 184 N. E. 549, that: "The term 'prima facie evidence' in statutes such as the one under consideration has been interpreted to mean such evidence upon the subject as, standing alone, will be sufficient to sustain a verdict." And the court further held: ". . . that before a proven fact can constitute *prima facie* evidence of criminal intent, it must be sufficient of itself to sustain a conviction without support of statutory enactment." It is clear that the mere fact alone that the bank suspended business within thirty days after the deposit was received would not be sufficient to sustain a verdict of guilty. Under the instruction as given the mere fact that the bank suspended business would be sufficient to sustain a verdict of guilty. We think harmful error was committed in giving instruction No. 2.

Complaint is also made in the giving of instruction No. 2 by the court. This instruction told the jury in effect, that if the Noble County Bank and Trust Company was on the 10th day of January, 1931, engaged in the business of receiving deposits of money, checks, and drafts of its customers, receiving deposits on saving accounts and engaged in loaning money, and if the jury found that said Noble County Bank and Trust Company is a corporation organized under the laws of the State of Indiana, providing for the incorporation of loan and trust and safe deposit companies, then such bank and trust company was at such time an incorporated company doing a banking business in this state. We think this instruction is correct and the court did not commit error in giving the same. See *Green* v. *State, supra.*

For the errors, as heretofore set out, the judgment is reversed with instruction to the lower court to sustain appellant's motion for a new trial.

Judgment reversed.